**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Nathan George DINITZ, Defendant-
Appellant.**

**No. 73–2109.**

United States Court of Appeals,
Fifth Circuit.

Nov. 27, 1974.

Gewin, Bell, Thornberry, Coleman, Ainsworth, Roney and Gee, Circuit Judges, dissented and filed opinion.

Fletcher N. Baldwin, Jr., Univ. of Fla., Gainesville, Fla. (Court-appointed), for defendant-appellant.

William H. Stafford, Jr., U. S. Atty., Robert L. Crongeyer, Jr., Nick P. Geeker, Asst. U. S. Attys., Pensacola, Fla., for plaintiff-appellee.

Before BROWN, Chief Judge, and WISDOM, GEWIN, BELL, THORNBERRY, COLEMAN, GOLDBERG, AINSWORTH, GODBOLD, DYER, SIMPSON, MORGAN, CLARK, RONEY and GEE, Circuit Judges.

PER CURIAM:

The court, en banc, affirms the panel opinion holding that a defendant's motion for mistrial does not remove the bar to reprosecution when the formal mistrial motion by defendant is solely caused by an abuse of judicial discretion, which though not intended to avoid an acquittal, is so damaging to the defendant that he cannot proceed with his case and submit it to the jury then empaneled.[1] The judge's action, taken without defendant's provocation or consent, had the effect of depriving him of effective assistance of counsel thereby making further conduct of the trial impossible.

In order for a defendant's motion for a mistrial to constitute a bar to a later plea of double jeopardy, some choice to proceed or start over must remain with the defendant at the time his motion is made. The dicta from United States v. Jorn, which is the foundation of the dissent,[2] does not encompass the extraordinary circumstances of the

---

1. 492 F.2d 53 (5th Cir. 1974).

2. "If that right to go to a particular tribunal is valued, it is because, independent of the threat of bad-faith conduct by judge or prosecutor, the defendant has a significant interest in the decision whether or not to

take the case from the jury when circumstances occur which might be thought to warrant a declaration of mistrial. Thus, where circumstances develop not attributable to prosecutorial or judicial overreaching, a motion by the defendant for mistrial is ordinarily assumed to remove

present case, in which judicial error alone, rather than defendant's exercise of any option to stop or go forward, took away his "valued right to have his trial completed by a particular tribunal."

GEWIN, BELL, THORNBERRY, COLEMAN, AINSWORTH, RONEY and GEE, Circuit Judges (dissenting):

We respectfully dissent for the reasons stated in the dissent filed to the panel opinion. United States v. Dinitz, 5 Cir. 1974, 492 F.2d 53, 61 (dissenting opinion).

We also note that the panel opinion in United States v. Walden, 4 Cir. 1971, 448 F.2d 925, relied upon in the original majority opinion in this case, was superseded on rehearing en banc. United States v. Walden, 4 Cir. 1972, 458 F.2d 36 (affirming district court on double jeopardy question by an equally divided court).

any barrier to reprosecution, even if the defendant's motion is necessitated by prosecutorial or judicial error."

400 U.S. 470, 485, 91 S.Ct. 547, 557, 27 L. Ed.2d 543, 556 (1971).