AYERS STEAMSHIP COMPANY and Texas Employers' Insurance Association, Petitioners,

v.

Will BRYANT and Director, Office of Workers' Compensation Programs, United States Department of Labor, Respondents.

No. 75–4112.

United States Court of Appeals, Fifth Circuit.

Jan. 3, 1977.

E. D. Vickery, W. Robins Brice, Houston, Tex., for petitioners.

Arthur L. Schechter, Houston, Tex., for Will Bryant.

William J. Kilberg, Sol. of Labor, U. S. Dept. of Labor, Laurie M. Streeter, Assoc. Sol., Joshua T. Gillelan, II, Atty., Washington, D. C., for respondents.

Before TUTTLE, THORNBERRY and TJOFLAT, Circuit Judges.*

BY THE COURT:

■ In *Jacksonville Shipyards, Inc. v. Perdue,* 539 F.2d 533 (5th Cir. 1976), we affirmed an award of compensation to the claimant Will Bryant under the Longshoremen's and Harbor Workers' Compensation Act Amendments of 1972, 33 U.S.C. §§ 901 *et seq.* (Supp. II, 1972). We now have before us a motion to assess the attorney's fees of the claimant against his employer, Ayers Steamship Co. This motion calls for an interpretation and application of revised section 28 of the Act, *id.* § 928. Since a

reading of the section reveals that the motion before us will undoubtedly not be the last one of its kind we shall see, we think it appropriate to lay down some guidelines as to how application should be made in the future.

Section 28(a) reads,

If the employer or carrier declines to pay any compensation on or before the thirtieth day after receiving written notice of a claim for compensation having been filed from the deputy commissioner, on the ground that there is no liability for compensation within the provisions of this chapter, and the person seeking benefits shall thereafter have utilized the services of an attorney at law in the successful prosecution of his claim, there shall be awarded, in addition to the award of compensation, in a compensation order, a reasonable attorney's fee against the employer or carrier in an amount approved by the deputy commissioner, Board, or court, as the case may be, which shall be paid directly by the employer or carrier to the attorney for the claimant in a lump sum after the compensation order becomes final.

This subsection mandates the payment of the claimant's reasonable legal expenses by the employer over and above the compensation award when the employer contends that no compensation is owing but the claimant prevails.

■ Subsection (b) relates to the situation where the employer and claimant agree that some compensation is due but disagree as to what amount. If the claimant is eventually granted a greater amount than the employer acknowledged as owing, a reasonable attorney's fee for the claimant's counsel may be awarded against the employer. In all other cases, however, "any claim for legal services shall not be assessed against the employer or carrier." Attorney's fees can only be assessed against the employer, then, when the claimant has successfully claimed coverage which the em-

---

* Circuit Judge THORNBERRY was a member of the panel that heard oral arguments on the merits of this appeal but due to illness did not participate in the decision. This case is also being decided by a quorum. 28 U.S.C. § 46(d).

ployer has either totally or partially denied. *Presley v. Tinsley Maintenance Service*, 529 F.2d 433, 437 (5th Cir. 1976); *Atlantic & Gulf Stevedores, Inc. v. Occupational Safety & Health Review Commission*, 542 F.2d 602, 610 (3d Cir. 1976).

■ Subsection (c) provides that in all cases before this court on review we must approve the fees of the attorneys representing the claimant. It states in full,

> In all cases fees for attorneys representing the claimant shall be approved in the manner herein provided. If any proceedings are had before the Board or any court for review of any action, award, order, or decision, the Board or court may approve an attorney's fee for the work done before it by the attorney for the claimant. An approved attorney's fee, in cases in which the obligation to pay the fee is upon the claimant, may be made a lien upon the compensation due under an award; and the deputy commissioner, Board, or court shall fix in the award approving the fee, such lien and manner of payment.

After consideration, we are convinced that the Third Circuit has outlined fair and appropriate procedures to be followed in motions seeking assessment of attorney's fees against unsuccessful employers. We adopt those procedures as our own:

> [W]e will consider an application by motion to the same panel which heard the appeal, on notice to the employer, supported by an affidavit setting forth those considerations which claimant's attorney believes should govern the amount to be awarded. The employer will be afforded an opportunity to respond by brief, and by affidavit if it deems such response appropriate. Ordinarily, the panel will determine the amount of the award on these papers, but it may by order in appropriate cases determine to hear argument. . . . Disclosure of the hours devoted to each category of work in connection with the appeal and the reasonable hourly rate for the person performing the work is an essential element of every application. We also call counsel's atten-

tion to the provisions of 33 U.S.C. § 928(e) requiring judicial approval for any arrangement for the sharing of fees. If there is any such arrangement, it should be disclosed in the application. *Atlantic & Gulf Stevedores, Inc. v. Occupational Safety & Health Review Comm'n*, 542 F.2d at 610 (footnote omitted).

In acting on a given motion, we will consider those factors which normally figure into an attorney's fee calculation. *See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *See also Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974); *Lindy Brothers Builders, Inc. v. American Radiator & Standard Sanitary Corp.*, 487 F.2d 161 (3d Cir. 1973). These factors include, but are not limited to, the hours worked, the reasonable hourly rate for each attorney involved, the size of the recovery, the quality of the work and the complexity of the issues involved.

■ We now turn to an examination of the motion before us. Mr. Bryant's attorney seeks to recover compensation for his services before both the Administrative Law Judge and this court. (The Benefits Review Board has previously awarded him fees for his advocacy before it.) We have neither the authority nor the competence, however, to ascertain what fees were to be awarded by the Administrative Law Judge. The statute, in our view, intends each body—the hearing examiner, the Board, and the reviewing court—separately to assess the worth of the claimant's representation before it. Hence, we will only award fees for the work of counsel which was directly related to our review.

■ Under our newly articulated guidelines, the motion is inadequate because the itemization of hours was not verified. Of course, the claimant and his attorney cannot be faulted for failing as prophets. We on this court often fail in that capacity as well. *See e. g., New Orleans v. Dukes*, 427 U.S. 297, 96 S.Ct. 2513, 49 L.Ed.2d 511 (1976), *rev'g* 501 F.2d 706 (5th Cir. 1974); *U. S. v. Mandujano*, 425 U.S. 564, 96 S.Ct. 1768, 48 L.Ed.2d 212 (1976), *rev'g* 496 F.2d 1050 (5th Cir. 1974); *Geders v. U. S.*, 425

U.S. 80, 96 S.Ct. 1330, 47 L.Ed.2d 592 (1976), *rev'g* 502 F.2d 1 (5th Cir. 1974); *U. S. v. Dinitz,* 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976), *rev'g* 504 F.2d 854 (5th Cir. 1974). We, therefore, order the following:

(1) The claimant will be given twenty (20) days from the publishing of this order to resubmit his motion in conformity with the procedures outlined above.

(2) The employer will be given an additional twenty (20) days to respond by brief and by affidavit if it deems such response appropriate.

It is so ordered.