**William David HENSLEY, Petitioner,**

v.

**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY, Respondent.**

**No. 79–2552.**

United States Court of Appeals, District of Columbia Circuit.

Oct. 22, 1982.

Carolyn McKenney, Landover, Md., was on the petition for approval of attorneys' fees and costs, for petitioner.

Richard W. Turner, Washington, D. C., was on the objection to award of attorneys' fees, for respondent.

* Sitting by designation pursuant to 28 U.S.C. § 292(a).

Before MacKINNON and WALD, Circuit Judges, and JUNE GREEN,* United States District Judge for the District of Columbia.

Opinion for the Court filed by Circuit Judge WALD.

WALD, Circuit Judge:

Petitioner here seeks approval of attorneys' fees and costs for services rendered before the United States Supreme Court in response to a petition for writ of certiorari. We read the Longshoremen's and Harbor Workers' Compensation Act ("the Act"), 33 U.S.C. § 928, to mandate that petitioner's attorney's fees be paid by WMATA but find incomplete the supporting documentation submitted by counsel. We therefore deny the petition pending receipt of "specific evidence of the prevailing community rate for the type of work" for which the award is sought. *National Assoc. of Concerned Veterans v. Secretary of Defense,* 675 F.2d 1319, 1325 (D.C.Cir.1982) (as amended July 15, 1982). We find no authority allowing us to award costs incurred in opposing a petition for certiorari.

## I. BACKGROUND

In *Hensley v. Washington Metropolitan Area Transit Auth. (WMATA),* 655 F.2d 264 (D.C.Cir.1981), this court reversed the denial by the Benefits Review Board ("Board") of petitioner's medical disability claim under the Longshoremen's and Harbor Workers' Compensation Act, made applicable to District of Columbia employers by 36 D.C. Code § 501 (1973 ed.), and we remanded for an appropriate award. Petitioner subsequently requested, in separate motions, that attorneys' fees and costs be paid by WMATA. We approved the petition for attorneys' fees under authority of 33 U.S.C. § 928 and awarded costs pursuant to Fed.R. App.P. 39 and Local Rule 15. In the interim, WMATA had filed a petition for writ of certiorari in the Supreme Court. At the Court's request, Hensley's counsel filed a brief in opposition, and on March 29, 1982,

the petition for certiorari was denied. *WMATA v. Hensley,* —— U.S. ——, 102 S.Ct. 1749, 72 L.Ed.2d 160 (1982). Hensley's counsel then moved in the Supreme Court for approval of attorneys' fees in the amount of $2,672.93 for "services rendered" in responding to the petition for certiorari. The request included, an "Itemization of Time, Services and *Costs.*" (Emphasis supplied.) This document described the dates and nature of services provided and the number of hours devoted to each activity, the sum of which was multiplied by an hourly rate of $80.00. Also documented were the costs: brief printing and filing fee.

The Supreme Court denied the motion "without prejudice to applying for the relief in the United States Court of Appeals for the District of Columbia Circuit." Petitioner then submitted the "Itemization of Time, Services and Costs" to this court, together with a "Petition for Approval of Attorney Fees and Costs" which was "made pursuant to the requirements of 33 U.S.C. § 928." . The petition was referred to the panel that had heard the appeal and awarded fees and costs for counsel's work before this court.

## II. ANALYSIS

 All attorneys' fees for services to a claimant under the Act are "subject to approval by the deputy commissioner, hearing examiner, board or court, as the case may be." S.Rep.No.1125, 92d Cong., 2d Sess. 8 (1972); H.R.Rep.No.1441, 92d Cong., 2d Sess. 9 (1972), U.S.Code Cong. & Admin. News, p. 4698. Attorneys who receive unapproved fees are subject to criminal penalties. 33 U.S.C. § 928(e). Subsection

(a) of the attorneys' fee provision of the Act, 33 U.S.C. § 928, establishes the substantive rule that, when an employer disputes that compensation is owing, and the claimant is aided by an attorney "in the successful prosecution of his claim," reasonable attorneys' fees will be charged against the employer.[1] When a case falls within the terms of this provision, the claimant "has an absolute right to recover his legal expenses." *Overseas African Constr. Corp. v. McMullen,* 500 F.2d 1291, 1297 (2d Cir. 1974). *See, e.g., Hole v. Miami Shipyards Corp.,* 640 F.2d 769, 773 (5th Cir. 1981); *American Stevedores, Inc. v. Salzano,* 538 F.2d 933, 937 (2d Cir. 1976). The procedures for approval of a fee, whether chargeable to the claimant or the employer, are set out at subsection (c):

> In all cases fees for attorneys representing the claimant shall be approved in the manner herein provided. If any proceedings are had before the Board or any court for review of any action, award, order, or decision, the Board or court may approve an attorney's fee for the work done before it by the attorney for the claimant.

33 U.S.C. § 928(c).

 WMATA argues first that attorneys' fees for opposing a writ of certiorari are not chargeable to an employer because denial of certiorari does not constitute an expression on the merits of the claim. Thus, WMATA contends, as to this stage of the litigation, the attorney was not engaged in the "successful prosecution" of the claim. The fact remains, however, that only if the claimant's attorney is successful in opposing certiorari in the Supreme Court does the order of our court requiring compensation

1. If the employer or carrier declines to pay any compensation on or before the thirtieth day after receiving written notice of a claim for compensation having been filed from the deputy commissioner, on the ground that there is no liability for compensation within the provisions of this chapter, and the person seeking benefits shall thereafter have utilized the services of an attorney at law in the successful prosecution of his claim, there shall be awarded, in addition to the award of compensation, in a compensation order, a reasonable attorney's fee against the employer or carrier in an amount approved by the deputy commissioner, Board, or court, as the case may be, which shall be paid directly by the employer or carrier to the attorney for the claimant in a lump sum after the compensation order becomes final.
33 U.S.C. § 928(a).

become final and enforceable and this, for the attorney and client, must in any practical sense surely define the meaning of "success." Furthermore, if a fee award against the company were denied for this necessary part of a "successful prosecution," the alternative would be for us to allow these fees to be charged to the client, a resolution that appears to run counter to the legislative intent that "attorneys' fees not diminish the recovery of a claimant." *Overseas African Constr. Corp. v. McMullen,* 500 F.2d at 1298 n.14. *See Oilfield Safety & Machines Specialties, Inc. v. Harman Unlimited, Inc.,* 625 F.2d 1248, 1257 (5th Cir. 1980). The provision shifting the claimant's legal fees to the employer is triggered when an employer unsuccessfully contests liability.[2] It makes little sense to read that section as covering only resistance of the earlier stages, *e.g.,* when the employer initially contests before the Board or exercises an appeal as of right, but not when the employer goes still further in resisting a claim and seeks certiorari. We therefore hold that the work done by petitioner's counsel in opposition to the petition for certiorari that was ultimately denied was done "in the successful prosecution of his claim."

■ Next, WMATA urges that there is no provision for one court to order payment of attorneys' fees for work performed before another court. At least one circuit court appears to agree. In *Ayers Steamship Co. v. Bryant,* 544 F.2d 812, 814 (5th Cir. 1977), the Court of Appeals for the Fifth Circuit stated that it had "neither the authority nor the competence" to ascertain what fees should have been awarded by the Board. "The statute, in our view, intends each body—the hearing examiner, the Board, and the reviewing court—separately to assess the worth of the claimant's representation before it." *Id.* However, that same court acknowledged that the Act "does not set forth the procedure that should be followed in applying for a fee." *Director, Office of Workers' Compensation Programs v. Black Diamond Coal Mining Co.,* 598 F.2d 945, 953 (5th Cir. 1979).

We believe that section 928(a) *requiring* award of attorneys' fees to prevailing claimants vests us with authority, indeed the duty, to ascertain and award costs in the circumstances of this case where the Supreme Court has made an explicit choice to leave the fee decision to this court. We find nothing in section 928(c) to divest us of that authority, although had not the Supreme Court delegated us the task, we would be inclined to think the matter more appropriately considered there. Section 928(c) provides only that "the Board or court *may* approve an attorney's fee for *the work done before it* by the attorney for the claimant." *Id.* (Emphasis supplied.) Here, the Supreme Court has already decided it will not do so. It may regard a court of appeals already familiar with the case and counsel's work at the appeal stage to be in as favorable a position as it to review that counsel's work at the next stage, particularly when that work consists solely of an opposition brief. *Cf. General Accident Fire & Life Assur. Corp. v. Donovan,* 251 F.2d 961, 962 (D.C.Cir.1958) (referring assessment of fees for services before court of appeals to district court "which possesses the facilities ... and the competence to deal with the problem"). It is certainly true that we have ample experience with attorneys' fees cases. Further, if this court were not authorized to approve counsel's fees when the Supreme Court has declined to do so, counsel would have to go uncompensated for services on behalf of her client that were specifically requested by the Supreme Court or face criminal penalties for receiving unapproved fees. Congress surely did not contemplate nor can we countenance such a result.

■ Having found an award of fees for opposing certiorari to be appropriate in this case, we turn to consideration of counsel's submissions. We note first that counsel's documentation of hours and rate is virtually identical in form to that she submitted and

2. *See* note 1 *supra.*

we approved following the successful appeal in 1981. In evaluating the adequacy of counsel's documentation at this stage, however, we are bound by our court's recent decision in *National Assoc. of Concerned Veterans v. Secretary of Defense*, 675 F.2d 1319, 1324 (D.C.Cir.1982) (as amended July 15, 1982), which defined "the obligations of attorney fee applicants in documenting their claims." Under that standard, we find the fee application provides "sufficiently detailed information about the hours logged and the work done." *Id.* at 1326. The itemization identifies one lawyer as performing 26.625 hours of work on the response to the petition for certiorari.[3] We cannot fault—and WMATA did not dispute—the reasonableness of the activities engaged in or the time so devoted to respond to the petition for certiorari. With two exceptions, which we discuss below, we

therefore would approve charging WMATA for that time. We find, however, that counsel failed to make the "type of factual showing . . . necessary to establish the prevailing hourly rate in the community for similar work." *Id.* at 1324. This she can accomplish by submitting an affidavit about her "billing practices" or "evidence of recent court awarded fees in comparable cases to comparably experienced lawyers" based upon prevailing market rates. *Sierra Club v. Gorsuch*, 684 F.2d 972 at 975 (D.C. Cir.1982). We deem it appropriate to afford counsel the opportunity to supplement her submission to us in view of this court's acceptance of her similar documentation of fees at the appeal stage and because the petition for rehearing in *Concerned Veterans* was denied only recently.

■ Finally, we can find no authority for this court to award costs for work done in

3. ITEMIZATION OF TIME, SERVICES AND COSTS

| DATE | NATURE OF SERVICE | TIME |
|------|-------------------|------|
| June 5, 1981 | Review of correspondence between petitioner's attorney and U.S. Department of Labor. re: intention to file a Petition for Writ of Certiorari. | $\frac{1}{8}$ |
| June 12, 1981 | Telephone call to petitioner's attorney. re: non-acceptance of U.S. Court of Appeal Judgment. | $\frac{1}{8}$ |
| June 15, 1981 | Receipt and review of notice of Supreme Court for docketing a petition of writ of certiorari. | $\frac{1}{8}$ |
| June 18, 1981 | Preparation and filing of appearance form for counsel for the Respondent. | $\frac{1}{2}$ |
| June 24, 1981 | Review of correspondence from petitioner's attorney with copies of appearance forms and notice of Supreme Court to U.S. Department of Labor. | $\frac{1}{4}$ |
| July 16, 1981 | Review of correspondence between petitioner's attorney and ALJ McC. Giesey. re: payment award dependent upon final decision of Supreme Court. | $\frac{1}{4}$ |
| July 21, 1981 | Correspondence to ALJ McC. Giesey. re: payment award not to be paid pending final decision of Supreme Court. | 1 |
| August 19, 1981 | Review of correspondence from Supreme Court Clerk. re: response to petition for writ of certiorari. | $\frac{1}{8}$ |
| August 25, 1981 | Correspondence with Supreme Court Clerk. re: response to petition for writ of certiorari. | $\frac{1}{8}$ |
| September 8, 1981 | Review of file in preparation of brief. | 4 |
| September 9, 1981 | Preparation of Brief. | 6 |
| September 10, 1981 | Preparation of Brief. | 5 |
| September 11, 1981 | Preparation of Brief. | 3 |
| September 12, 1981 | Preparation of Brief. | 3 |
| September 21, 1981 | Correspondence with client. re: Supreme Court Brief. | $\frac{1}{2}$ |
| September 21, 1981 | Correspondence with Petitioner's attorney. re: Supreme Court Brief. | $\frac{1}{2}$ |
| September 29, 1981 | Review of Supreme Court Brief & filing of the same with court. | 1 |
| March 29, 1982 | Review of correspondence from Clerk of Supreme Court. re: denial of petition for writ of certiorari. | $\frac{1}{8}$ |
| April 1, 1982 | Correspondence to petitioner's attorney. re: position on payment of claim recommendation of Claims Examiner. | $\frac{1}{2}$ |
| April 1, 1982 | Telephone call to Supreme Court clerks office. re: taxable costs. | $\frac{1}{8}$ |
| May 7, 1982 | Correspondence to Washington Metropolitan Area Transit Authority. re: costs of printing brief to the Supreme Court. | $\frac{1}{4}$ |

TOTAL hours 26.625 × $80.00 an hour = $ 2,130.00
Costs: Printing of Brief 477.93
Costs: Filing Fee 65.00

TOTAL COSTS 542.93

GRAND TOTAL $2,672.93

the Supreme Court. The Act provides only that costs of witnesses' fees and mileage be awarded to prevailing claimants, 33 U.S.C. § 928(d), leaving intact the rules otherwise applicable to awards of ordinary costs. As the Federal Rules of Appellate Procedure govern only proceedings in the courts of appeals, Fed.R.App.P. 1, we cannot award costs under Fed.R.App.P. 39, for proceedings in the Supreme Court. We must, therefore, deny the requested costs. We do not read section 928(e), however, to preclude recovery of costs from the claimant. Because the claimant was unsuccessful to this extent, we find it necessary to disallow shifting to WMATA the fees for the small amount of time (⅜ hr.) spent pursuing costs with the Clerk of the Supreme Court and counsel for WMATA,[4] although we find this time reasonably chargeable to petitioner.

Accordingly, the petition for fees and costs is denied at this time, with leave to counsel to supplement her submission within 30 days with information on prevailing market rates. If that submission is satisfactory, we will then approve an appropriate award based on the considerations outlined in this opinion.

4. *See* note 3 *supra.*