LOCAL 17, INTERNATIONAL ASSOCIATION OF HEAT AND FROST INSULATORS AND ASBESTOS WORKERS, Defendant-Appellant,

v.

Dennis M. YOUNG and Michael Moran, Plaintiffs-Appellees.

No. 84–2866.

United States Court of Appeals, Seventh Circuit.

Argued May 31, 1985.

Decided Oct. 28, 1985.

As Amended Jan. 13, 1986.

Jeffrey Cole, Chicago, Ill., for plaintiffs-appellees.

Bernard M. Mamet, Bernard M. Mamet & Assoc., Ltd., Chicago, Ill., for defendant-appellant.

Before WOOD and ESCHBACH, Circuit Judges, and CAMPBELL, Senior District Judge.*

* The Honorable William J. Campbell, Senior District Judge of the Northern District of Illinois, is sitting by designation.

WILLIAM J. CAMPBELL, Senior District Judge.

The issue in this case is whether district courts have the power to award attorney's fees and costs to parties who successfully oppose a petition for a writ of certiorari to the United States Supreme Court. Originally, plaintiffs/appellees, Dennis M. Young and Michael Moran, brought suit against Local 17 of the International Association of Heat & Frost Insulators & Asbestos Workers (Local 17) in the United States District Court for the Northern District of Illinois, Judge John F. Grady presiding. Plaintiffs alleged they were wrongfully expelled from Local 17 in violation of 29 U.S.C. 411 of the Labor-Management Reporting & Disclosure Act of 1959 (LMRDA) (see generally 29 U.S.C. 401, *et seq.*). On September 1, 1978, the district court entered an order finding that plaintiffs were indeed wrongfully expelled from the union according to the relevant provisions enumerated in 29 U.S.C. 411.

Local 17 appealed this ruling. The plaintiffs above failed to file a brief or appear on appeal. Nonetheless, on February 15, 1983 this court, 703 F.2d 572, entered an unpublished order pursuant to Circuit Rule 35 affirming Judge Grady's ruling that plaintiffs were wrongfully expelled from union membership.

Approximately five months later, on June 24, 1983, Local 17 filed a petition for a writ of certiorari to the United States Supreme Court. Once again, plaintiffs did not prepare a response. Yet on September 3, 1983 the Clerk of the Supreme Court mailed a letter to Jeffrey Cole, Esq., plaintiffs' counsel at trial on the issue of damages, which states in part:

"The Court has directed this office to request that a response be filed in this case. Forty printed copies of your response ... should reach this office on or before October 3, 1983." (See Appendix of brief of defendant/appellant, Local 17, p. 16.)

On September 9, 1983, Mr. Cole responded to the Clerk by stating he had discussed the matter with plaintiff Moran and that Moran "... was emphatic in telling me that he did not desire me to file a brief and that the plaintiffs would not incur a single cent in responding to the Union's petition ..." Mr. Cole closed his letter by stating, "With your permission, I shall call early next week to discuss the matter ... with you ..." (See Appendix of defendant/appellee, pp. 18–19.) Apparently, Mr. Cole called the Clerk and was convinced to file a response. In October, 1983 appellees filed a brief in opposition to the petition for writ of certiorari. On November 14, 1983 Local 14's petition for a writ of certiorari was denied. Approximately, one month later, on December 12, 1983, Mr. Cole filed a petition in the United States District Court for the Northern District of Illinois seeking attorney's fees and costs totaling $5,255.58 for responding to the petition for certiorari. Almost a year later, on October 3, 1984, Judge Grady of the Northern District of Illinois ordered Local 14 to pay Mr. Cole the requested $5,255.58."

While defendant contends the district court did not have the authority to assess counsel fees for written work performed before the Supreme Court, the case law indicates otherwise. In *Perkins v. Standard Oil Company of California*, 399 U.S. 222, 90 S.Ct. 1989, 26 L.Ed.2d 534 (1970), the Supreme Court affirmed district court authority to award attorney's fees for work done at the Supreme Court level under § 4 of the Clayton Act.[1] In *Perkins* the petitioner filed an application for attorney's fees in the District Court for the District of Oregon for appellate work performed in both the Court of Appeals and the Supreme Court. At the Supreme Court level, he had succeeded in resisting a petition for writ of certiorari.

The district court denied the application. On appeal the Court of Appeals granted fees for work performed in its court, yet it denied fees for work done in the Supreme Court. The Court of Appeals reasoned that because the Supreme Court did not mention fees in its decision, the award of such fees was intended to be precluded. The Supreme Court rejected this interpretation stating:

"The amount of the award for such services should, as a general rule, be fixed in the first instance by the District Court, after hearing evidence as to the extent and nature of the services rendered. The Court of Appeals was in error in interpreting our mandate as precluding the award of such fees for services performed in connection with the litigation in this Court. *Our failure to make explicit mention in the mandate of attorneys' fees simply left the matter open for consideration by the District Court, to which the mandate was directed.*" [Citation omitted.] (See *Perkins*, 399 U.S. at 223, 90 S.Ct. at 1990.)

While *Perkins* concerned the allowance of attorney's fees pursuant to § 4 of the Clayton Act, we believe the flexibility demonstrated by the Supreme Court in *Perkins* in allowing district courts to award attorney's fees for Supreme Court work is applicable to prevailing plaintiffs in LMRDA cases like the one *sub judice*. The case of *Hall v. Cole*, 412 U.S. 1, 93 S.Ct. 1943, 36 L.Ed.2d 702 (1973), establishes that it is within district court discretion to award attorney's fees in LMRDA cases for prevailing plaintiffs.

We must therefore conclude that an award of counsel fees to a successful plaintiff in an action under § 102 of the LMRDA falls squarely within the traditional equitable power of federal courts to award such fees whenever "overriding considerations indicate the need for such a recovery." *Mills v. Electric Auto-Lite Co., supra*, 396 U.S. [375], at 391–92, 90 S.Ct. [616], at 625 [593] ... § 102 of the LMRDA broadly authorizes the courts to

---

1. § 4 states:
   "Any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor in any district court of the United States ... and shall recover threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee." 38 Stat. 731, 15 U.S.C. § 15.

grant "such relief (including injunctions) as may be appropriate." 29 U.S.C. § 412. Thus, § 102 does not "meticulously detail the remedies available to a plaintiff," and we cannot fairly infer from the language of that provision an intent to deny to the courts the traditional equitable power to grant counsel fees in "appropriate" situations ... Indeed, any attempt on the part of Congress to spell out all of the remedies available under § 102 would create the "danger that those [remedies] not listed might be proscribed with the result that the courts would be fettered in their efforts to 'grant relief according to the necessities of the case.'" 412 U.S., at 9–11, 93 S.Ct., at 1948–49.

We therefore hold that the allowance of counsel fees to the successful plaintiff in a suit brought under § 102 of the LMRDA is consistent with both the Act and the historic equitable power of federal courts to grant such relief in the interests of justice. 412 U.S., at 14, 93 S.Ct., at 1950.

▮ We believe the Supreme Court interprets the Congressional intent behind the LMRDA as authorizing district courts to award attorney's fees for prevailing plaintiffs at the appellate levels. If this were not the case, the purpose of the LMRDA would be frustrated (not unlike the situation found in *Perkins, supra* with the Clayton Act).[2] In the case *sub judice* plaintiffs/appellees won their case on the merits at the district court level. If disgruntled union members, as prevailing plaintiffs, were forced to incur costs for unsuccessful, fruitless Union appeals, this would have a chilling effect on union members' ability to afford challenging the union leadership. Situations would develop where union officials could wilfully violate the law, yet recognize an inability on the part of their membership to challenge the Local hierarchy in court due to a lack of funds. Union members would decide to bring suit based on financial considerations rather than merit. Hence, due to the uneven bargaining positions of the parties, the purpose of the LMRDA would be frustrated. This predicament clearly could not have been intended by Congress.[3]

Defendant/appellant, Local 17, fails to advance any significant, convincing authority which would lead us to conclude the district court, in the case *sub judice*, abused its discretion in awarding fees and costs. One case cited by appellant, *Buian v. Baughard*, 687 F.2d 859 (6th Cir.1982), is unpersuasive. In *Buian* plaintiff brought a civil rights action under 42 U.S.C. 1983, 1985(3). The jury returned a verdict of $1 in nominal damages and $650 in punitive damages. Plaintiff appealed the amount of

---

2. See *Hall v. Cole, supra,* stating that "Title I (29 U.S.C. §§ 411–415) of the LMRDA—the 'Bill of Rights of Members of Labor Organizations'— was specifically designed to promote the 'full and active participation by the rank and file in the affairs of the union.'" 412 U.S., at 7–8, 93 S.Ct., at 1947. [Parentheses added.] See also *Pawlak v. Greenawalt,* 713 F.2d 972 (3rd Cir. 1983).

 ... the Supreme Court recognized a decade ago in *Hall v. Cole,* 412 U.S. 1, 7–9, 93 S.Ct. 1943, 1947–48, 36 L.Ed.2d 702 (1973), that reimbursement of the successful plaintiff's attorneys' fees in an action to vindicate rights under Title I of LMRDA is authorized under the common benefit doctrine affirmed in *Mills v. Electric Auto-Lite,* 396 U.S. 375, 393–97, 90 S.Ct. 616, 626–28, 24 L.Ed.2d 593 (1970). This doctrine applies when "the plaintiff's successful litigation confers 'a substantial benefit on the members of an ascertainable class, and where the court's jurisdiction over the subject matter of the suit makes

possible an award that will operate to spread the costs proportionately among them.'" *Hall v. Cole,* 412 U.S. at 5, 93 S.Ct. at 1946, *quoting Mills v. Electric Auto-Lite,* 396 U.S. at 393–94, 90 S.Ct. at 626.
713 F.2d at 975.

3. There occasional is inference in the briefs that the case *sub judice* is not clearly a Union matter. While it is true Young and Moran only had limited apprentice memberships in the Union, Judge Grady's ruling held unlawful their explusion from Union membership, not their explusion from the joint apprentice program in which they were enrolled. In effect, Young and Moran prevailed on their wrongful Union explusion claim. Their remedy was reinstatement as Union members. Hence, what was ultimately at issue was Local 17's compliance with the relevant provisions of LMRDA, clearly a Union matter.

the award as well as other claims which had been dismissed. The court of appeals affirmed the lower court and rejected a request for a hearing en banc. Subsequently, the United States Supreme Court denied a petition for a writ of certiorari. Plaintiff then petitioned the district court for attorney's fees incurred—including the appellate work—pursuant to 42 U.S.C. § 1988.[4] The district court awarded the fees both for the trial work and the unsuccessful appeals. The court of appeals reversed the holding as to the unsuccessful appeals stating 42 U.S.C. § 1988 required attorney's fees be awarded to prevailing parties and the appellate work was clearly unsuccessful.

A party is not entitled to costs on appeal if its appeal is dismissed or the judgment of the district court from which it appeals is affirmed, as it was in this case. FED.R.APP.P. 39(a). Such a party is required to pay costs, unless otherwise ordered. *Id.* Congress could not have intended that unsuccessful civil rights appellants receive attorney's fees for their fruitless efforts on appeal, merely because they prevailed below, when other unsuccessful appellants are required to pay costs for their lack of success.

The major distinction between *Buian* and the case at bar is that in *Buian* the petitioner sought fees for appeals he initiated and lost while in the case at bar petitioner seeks fees for appellate work initiated by his adversary which proved to be fruitless. Local 17 seizes upon language in *Buian* which reiterates the common law rule regarding the award of costs. The traditional rule is that prevailing plaintiffs do not receive costs (which include attorney's fees) and that courts can award costs only for proceedings within its jurisdiction. Therefore, costs are determined at three levels—the district court, the court of appeals and the Supreme Court, with each court awarding costs at its own level. We note, however, that there are statutory exceptions to the common law rule above. *Perkins, supra,* creates a statutory exception for prevailing parties in Clayton Act cases under § 4 of that Act. We believe *Hall v. Cole, supra,* creates a similar exception for prevailing parties in LMRDA cases and point to our reasoning above.

Local 17 cites *Hensley v. Washington Metropolitan Area Transit Authority,* 690 F.2d 1054 (D.C.Cir.1982) which it claims stands for the principle that if the Supreme Court does not explicitly authorize a lower court to assess attorney's fees for work done before the Supreme Court, the lower court cannot consider awarding fees for the Supreme Court work. However, we do not believe the *Hensley* court reached such a definitive conclusion. The *Hensley* court merely indicated it felt comfortable awarding attorney's fees for a prevailing plaintiff's work[5] in resisting a petition for a writ of certiorari in the United States Supreme Court based on the facts before it because the Supreme Court explicitly denied the certiorari petition "without prejudice to applying for relief in the United States Court of Appeals for the District of Columbia Circuit." See 690 F.2d, at 1056. Yet the *Hensley* court never reached any definitive conclusions, as defendant does, as to how it would have reacted to awarding attorney's fees for the Supreme Court work had the Supreme Court not specifically mandated it be allowed to assess attorney's fees.

We believe that section 928(a) requiring award of attorneys' fees to prevailing claimants vests us with authority, indeed the duty, to ascertain and award costs in the circumstances of this case where the Supreme Court has made an explicit choice to leave the fee decision to this court. We find nothing in section 928(c) to divest us of that authority, al-

---

**4.** 42 U.S.C. § 1988 provides in part that:
"In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, ... the court, in its discretion, may allow the prevailing party, ...

a reasonable attorney's fee as *part* of the costs" ...

**5.** Under 33 U.S.C. § 928 of the Longshoremen's & Harbor Workers' Compensation Act.

though had not the Supreme Court delegated us the task, *we would be inclined to think the matter more appropriately considered there.* (See 690 F.2d, at 1057.) [Emphasis added.]

At best, *Hensley* leaves the issue in the case *sub judice* open for argument. As the emphasized sentence from the *Hensley* quote above indicates, *Hensley* would consider the matter in the case *sub judice* more appropriately—but not necessarily—to be considered by the Supreme Court. Indeed, other language in *Hensley* appears to distance itself from defendant's strict interpretation of the issue in the case *sub judice* and argue the equities in favor of plaintiffs/appellees Moran and Young:

> The provision shifting the claimant's legal fees to the employer is triggered when an employer unsuccessfully contests liability. It makes little sense to read that section as covering only resistance of the earlier stages, *e.g.,* when the employer initially contests before the Board or exercises an appeal as of right, but not when the employer goes still further in resisting a claim and seeks certiorari. (See *Hensley,* 690 F.2d, at 105.)

In sum, *Hensley* does not convince us the district court was in error in the case *sub judice.*

Two additional cases cited by Local 17, *Kansas City Southern Ry. Co. v. Guardian Trust Co.,* 281 U.S. 1, 50 S.Ct. 194, 74 L.Ed. 659 (1929) and *Briggs, Administratrix v. Pennsylvania Railroad Co.,* 334 U.S. 304, 68 S.Ct. 1039, 92 L.Ed. 1403 (1948), are unhelpful and may be dismissed summarily. In *Kansas City Southern Ry. Co.* the issue was whether the District Court could vary a decree of the Court of Appeals which specifically delineated which parties were entitled to costs, including attorney's fees. In the case *sub judice,* the issue is what happens when the United States Supreme Court does not explicitly mention or delineate whether attorney's fees should be awarded. In *Kansas City Southern Ry. Co.* costs/fees are specifically mandated to be awarded in a particular

manner and a change is sought. In the case *sub judice,* no mention is made of the awarding of attorney's fees and a lower court asks if it is entitled to grant fees to a prevailing plaintiff. *Biggs, supra,* concerns a situation in which a Court of Appeals had entered a specific mandate which amended a district court judgment. Petitioner sought the amended mandate be disregarded. Such a position was rejected by the Supreme Court. *Biggs* has nothing to do with awarding attorney's fees to prevailing plaintiffs. It further has nothing to do with the issue of whether a district court can award attorney's fees when the Supreme Court has made no mention of the matter.

In contrast to these weak cases advanced by defendant, plaintiff cites, not insignificantly, the case of *Davis v. Board of School Commissioners of Mobile County,* 526 F.2d 865 (5th Cir.1976). In *Davis* the Fifth Circuit reviewed a district court denial (due to lack of proof) of attorney's fees sought by a party under 20 U.S.C. § 1617 (since repealed) for 1,000 hours of time for services rendered in the Supreme Court. After discussing several of the claims on appeal, the Fifth Circuit concluded:

> "In sum, we have left two matters for decision by the district court on remand. One will be to make an award for the services rendered in the Supreme Court in *Davis v. Mobile,* 402 U.S. 33, 91 S.Ct. 1289, 28 L.Ed.2d 577."

Hence, the Fifth Circuit has deemed it appropriate to allow attorney's fees for Supreme Court work to be awarded by a district court.

Finally, Local 17's reliance on several Supreme Court Rules (50.3, 50.6 and 52.3) is misguided. Neither of the rules answer the question of whether the district court had authority to award attorney's fees as it did in the case *sub judice.* In sum, Local 17 fails to advance any persuasive authority which establishes district courts cannot award attorney's fees for prevailing plaintiffs in LMRDA cases for resisting a Local's unsuccessful petition for writ of certiorari to the United States Supreme Court.

Indeed, the flexibility the Supreme Court showed in a similar situation in *Perkins*, as well as that Court's liberal interpretation providing for attorney's fees in LMRDA cases found in *Hall, supra,* reflects a contrary conclusion.

The order of the district court is hereby AFFIRMED.