918 F.2d 33
 Fred QUAVE, Claimant, Plaintiff-Appellant-Cross-Appellee,
v.
PROGRESS MARINE, Employer,
and
American Home Assurance Company, c/o American International
Adjusting Company, Insurance Carrier,
Defendants-Appellees-Cross-Appellants.
 No. 89-3779.
 United States Court of Appeals,
Fifth Circuit.
 Nov. 14, 1990.
Rehearing and Rehearing En Banc
Denied Dec. 13, 1990.
 
 Joseph J. Weigand, Jr., Weigand, Weigand & Meyer, Houma, La., for Fred Quave.
 Lance S. Ostendorf, Robert J. Killeen, Jr., Kathleen K. Charvet, McGlinchey, Stafford, Mintz, Cellini & Lang, New Orleans, La., for Progress Marine and American Home Assur. Co.
 Appeals from the United States District Court for the Eastern District of Louisiana.
 ON PETITION FOR REHEARING
 (Opinion September 24, 1990, 5th Cir., 1990, 912 F.2d 798)
 Before REAVLEY, DUHE and WIENER, Circuit Judges.
 DUHE, Circuit Judge.
 
 
 1
 In our original opinion we declined to decide whether the district court erred in awarding attorney's fees to claimant's counsel because we found no separate notice of appeal from that judgment and none was called to our attention. In fact, however, there was a second notice of appeal later filed which appropriately gave us jurisdiction. That notice of appeal was inadvertently overlooked and we now address the issue previously dismissed.
 
 
 2
 A full recitation of the facts is not necessary as they have been set out in detail previously. This case involved an action to recover benefits under the Longshore and Harbor Workers' Compensation Act (LHWCA). Claimant's counsel submitted an application for attorney's fees to the district court for services rendered in the enforcement proceeding. The district court, in a minute entry, granted partial award for attorney's fees equaling $600.00 and disallowed the remainder.
 
 
 3
 Original defendants, Progress Marine, Inc. and its insurer, American Home Assurance Company, argue that any award of attorney's fees was improper because claimant's counsel failed to obtain any additional "compensation."[1] He did, however, succeed in recovering an award of prejudgment interest. Defendants argue that an award of interest is not equivalent to an award of compensation, yet fail to cite any authority for this proposition.[2] However, defendants do cite Ayers Steamship Co. v. Bryant, 544 F.2d 812 (5th Cir.1977) which stated that "[a]ttorney's fees can only be assessed against the employer ... when the claimant has successfully claimed coverage which the employer has either totally or partially denied." Id. at 813-14. Quave claimed interest, defendants denied such coverage and ultimately Quave was successful on his claim, at least in part. Accordingly, the petition for rehearing is granted. The previously assessed award of attorney's fees was proper and we AFFIRM.
 
 
 
 [1]
 33 U.S.C. Sec. 928(a) reads in pertinent part:
 If the employer or carrier declines to pay any compensation on or before the thirtieth day after receiving written notice of a claim for compensation having been filed from the deputy commissioner, on the ground that there is no liability for compensation within the provisions of this chapter, and the person seeking benefits shall thereafter have utilized the services of an attorney at law in the successful prosecution of his claim, there shall be awarded, in addition to the award of compensation, in a compensation order, a reasonable attorney's fee....
 
 
 [2]
 In other context, however, interest has been considered as part of just compensation. In Sinclair Refining Company v. S.S. Green Island, 426 F.2d 260, 262 (5th Cir.1970) we noted that the general rule in admiralty is that those injured by tortuous collision are entitled to interest as a part of just compensation for the wrong done. See also Complaint of M/V Vulcan, 553 F.2d 489 (5th Cir.1977)