**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

STEVEDORING SERVICES OF AMERICA;
HOMEPORT INSURANCE CO.,
                                 *Petitioners,*

                v.

AREL PRICE; EAGLE PACIFIC
INSURANCE COMPANY; DIRECTOR,
OFFICE OF WORKERS COMPENSATION
PROGRAMS,
                                 *Respondents.*

No. 02-71207

BRB Nos.
01-0632/A
14-108163
14-128687
92-LHCA-2469

AREL PRICE,
                                 *Petitioner,*

                v.

STEVEDORING SERVICES OF AMERICA;
HOMEPORT INSURANCE CO.; EAGLE
PACIFIC INSURANCE COMPANY;
DIRECTOR, OFFICE OF WORKERS
COMPENSATION PROGRAMS,
                                 *Respondents.*

No. 02-71578

BRB Nos.
01-0632/A
14-108162
14-128687
92-LHC-2469
99-LHC-1653

ORDER

Filed January 5, 2006

Before: Stephen S. Trott, Raymond C. Fisher and
Ronald M. Gould, Circuit Judges.

_____

## ORDER

Respondent Arel Price's application for attorney's fees and
costs under the Longshore and Harbor Workers' Compensa-

tion Act ("LHWCA"), 33 U.S.C. § 928(a), is denied. This court lacks jurisdiction to entertain respondent's application for fees accrued successfully opposing his employer's petition for certiorari.

Although 33 U.S.C. § 928(a) authorizes this court to award fees "in the successful prosecution" of a claim, § 928(c) states that a court "may approve an attorney's fee for the work done *before it* by the attorney for the claimant." (Emphasis added.) In light of this language, we appear to lack jurisdiction to award fees to a claimant like Price, because the work undertaken in successfully opposing his employer's certiorari petition was necessarily not done "before" this court.

The Supreme Court's October 11, 2005 order denying Price's fee application "without prejudice to filing in the United States Court of Appeals for the Ninth Circuit" does not explicitly delegate jurisdiction to us to grant Price fees. The only authority we have for interpreting the Court's order favorably to Price is *Hensley v. Metropolitan Area Transit Authority*, 690 F.2d 1054 (D.C. Cir. 1982), which construed an analogous order as a jurisdictional predicate allowing a petitioner to seek fees before that court. Despite our sister circuit's opinion and the policies underlying the LHWCA fee provisos, the plain language of § 928(c) is too restrictive to allow the leap required under *Hensley*. *Cf. Christensen v. Stevedoring Services*, ___ F.3d ___, 2005 U.S. App. LEXIS 26645, *4-5 (9th Cir. 2005).

An issue of timeliness further complicates Price's application. According to petitioner Stevedoring Services, Ninth Circuit Rule 39-1.6 requires a claimant to file his fee application within 14 days of the Supreme Court's order. Price filed on November 8, 2005, several weeks after the Court's October 11 order. Were we to apply Circuit Rule 39-1.6, the motion would be untimely. On the other hand, Price argues that Supreme Court Rule 44.1, which allows a party 25 days to file a petition for rehearing from the date of entry of a judgment

or decision unless the Supreme Court shortens or lengthens the time, prevented him from filing with us until after that period expired on November 5, 2005. If so, there might be a basis for tolling our rule. Despite the parties' arguments, however, it is not apparent that either rule governs the timeliness of such a motion as Price's: Circuit Rule 39-1.6 refers to petitions for rehearing and rehearing en banc, not petitions for certiorari; Supreme Court Rule 44.1 governs that forum, not the Ninth Circuit. Thus, it is unclear what basis we have to determine the timeliness of Price's motion.

Although our order has the unfortunate effect of "allow[ing] these fees to be charged to the client, a resolution that appears to run counter to the legislative intent that attorneys' fees not diminish the recovery of a claimant," *see Hensley*, 690 F.2d at 1057, "it is Congress' role or that of the agency to address" this state of affairs. *Christensen*, 2005 U.S. App. LEXIS 26645, at *9.[1]

Application for attorney's fees and costs is **DENIED**.

---

[1]Regardless of fees, Price is not entitled to costs. 33 U.S.C. § 928(d) provides only that costs of witnesses' fees and mileage be awarded to prevailing claimants. And the Federal Rules of Appellate Procedure solely govern proceedings in the courts of appeals and therefore provide no authority for us to award costs for proceedings in the Supreme Court. *Cf. Hensley*, 690 F.2d at 1059.

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2006 Thomson/West.