**Lukas E. HOSKA, III, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF the ARMY, Respondent.**

No. 81–1352.

United States Court of Appeals, District of Columbia Circuit.

Nov. 23, 1982.

See also, D.C.Cir., 677 F.2d 131.

David A. Lee, Washington, D.C., was on the motion for costs and fees for petitioner.

Leonard Schaitman and Howard S. Scher, Attys., Dept. of Justice, Washington, D.C., were on the opposition to the motion for costs and fees for respondent.

Before EDWARDS and GINSBURG, Circuit Judges, and JOHN J. SIRICA,* United States Senior Judge for the District of Columbia.

Opinion for the court filed by Circuit Judge HARRY T. EDWARDS.

HARRY T. EDWARDS, Circuit Judge:

On April 30, 1982, we set aside a decision of the Merit Systems Protection Board ("MSPB" or "Board") upholding the dismissal of petitioner, Lukas E. Hoska, from his position as Intelligence Operations Specialist with the United States Army Administrative Survey Detachment ("Army"). *Hoska v. United States Department of the Army,* 677 F.2d 131 (D.C.Cir.1982). We remanded the case to the MSPB with instructions "to order appropriate relief, including reissuance of petitioner's security clearance, reinstatement, back pay, and such other relief as may be warranted." *Id.* at 145. The Board thereafter entered an Order directing petitioner's reinstatement with back pay. Petitioner now moves this court for an award of costs and attorney's fees.

For the reasons set forth below, we hold that petitioner is entitled to an award of costs as the prevailing party on the appeal before this court. We also hold that petitioner is entitled to attorney's fees for services rendered both before this court and during the administrative appeals of this case. We shall leave it to the MSPB, however, to determine the precise amount due in attorney's fees for services rendered during the administrative appeals.

## I. COSTS

■ There can be no serious question regarding petitioner's entitlement to costs under 28 U.S.C. § 2412(a)[1] and Rule 39 of the Federal Rules of Appellate Procedure.[2] Prevailing parties are "'entitled to an award of costs as a matter of course, save only to the extent that the court might direct otherwise.'" *Baez v. United States Department of Justice,* 684 F.2d 999, 1005 (D.C.Cir.1982) (en banc) (per curiam) (quoting *Saunders v. Washington Metropolitan Transit Authority,* 505 F.2d 331, 333 (D.C. Cir.1974)). In accordance with this "general presumption favoring cost recovery" for prevailing parties, and absent a showing by respondent "of facts or circumstances supporting any departure from the general rule," *Baez,* 684 F.2d at 1007, we direct the Clerk of the Court to award costs[3] to peti-

---

\* Sitting by designation pursuant to 28 U.S.C. § 294(c) (Supp. IV 1980).

1. 28 U.S.C. § 2412(a) provides:

   Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States or any agency and any official of the United States acting in his or her official capacity in any court having jurisdiction of such action. A judgment for costs when taxed against the United States shall, in an amount established by statute, court rule, or order, be limited to reimbursing in whole or in part the prevailing party for the costs incurred by such party in the litigation.

   28 U.S.C. § 2412(a) (Supp. IV 1980).

2. Rule 39 provides, in relevant part, as follows:

   (a) To Whom Allowed. Except as otherwise provided by law, if ... a judgment is reversed, costs shall be taxed against the appellee unless otherwise ordered....

   (b) Costs for and Against the United States. In cases involving the United States or an agency or officer thereof, if an award of costs against the United States is authorized by law, costs shall be awarded in accordance with the provisions of subdivision (a); otherwise, costs shall not be awarded for or against the United States.

   (c) Costs of Briefs, Appendices, and Copies of Records. Unless otherwise provided by local rule, the cost of printing, or otherwise producing necessary copies of briefs, appendices, and copies of records authorized by Rule 30(f) shall be taxable in the court of appeals at rates not higher than those generally charged for such work in the area where the clerk's office is located.

   FED.R.APP.P. 39(a), (b), (c).

3. By "costs" we mean the types of taxable costs normally assessed under 28 U.S.C. § 1920 (1976 & Supp. IV 1980), which provides:

   A judge or clerk of any court of the United States may tax as costs the following:

   (1) Fees of the clerk and marshal;

   (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

   (3) Fees and disbursements for printing and witnesses;

tioner pursuant to the local rules of the District of Columbia Circuit.[4]

Respondent contends that costs should be denied because "[p]etitioner's motion does not indicate the costs for which he is seeking reimbursement." Respondent's "Opposition to Motion for Costs and for Attorney's Fees and Expenses Under the Equal Access to Justice Act" (filed Sept. 15, 1982) at 1 [hereinafter cited as "Respondent's Opposition"]. We need not pass on this question, however, because petitioner shall be afforded 14 days after the issuance of this decision to make an appropriate submission for costs to the Clerk of the Court. All we need decide here is that petitioner is entitled to an award of costs as the prevailing party on the appeal before this court.

## II. Attorney's Fees

■ We further conclude that, under the Back Pay Act, 5 U.S.C. § 5596(b)(1)(A)(ii),[5] petitioner is entitled to attorney's fees for services rendered during both the administrative and judicial appeals of this case.

### A. The Applicability of the Back Pay Act

■ Petitioner's motion for fees relies solely on the Equal Access to Justice Act of 1980, 28 U.S.C. § 2412(d)(3) (Supp. IV 1980). See "Motion of Petitioner for Costs and for Attorneys' Fees and Expenses" (filed Aug. 6, 1982) at 3–5. That statute, however, permits attorney's fees awards "in any action for review of an adversary adjudication, as defined in [5 U.S.C. § 504(b)(1)(C) (Supp. IV 1980)] . . . ." 5 U.S.C. § 554(a)(2) (1976 & Supp. IV 1980), in turn, specifically excludes from the category of "adversary adjudication" any matter involving "the selection or tenure of an employee . . . ." Since this case clearly involves petitioner's "tenure" with the Army, 28 U.S.C. § 2412(d)(3) is inapplicable.

■ Nevertheless, although the Equal Access to Justice Act has no application here, respondent readily concedes that "fees are available in this case under . . . the Back Pay Act, 5 U.S.C. 5596(b)(1)(A) (ii) . . . ." Respondent's Opposition at 3. We agree. 5 U.S.C. § 5596(b)(1)(A)(ii) allows recovery of "reasonable attorney fees related to the personnel action." This language is sufficiently broad to include attorney's fees for services rendered in administrative or judicial appeals undertaken by an employee to obtain correction of "an unjustified or unwarranted personnel action."[6]

---

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

4. See Rule 15, "Taxation of Costs of Briefs and Appendices," General Rules Of The United States Court Of Appeals For The District Of Columbia Circuit (Revised 1981).

5. 5 U.S.C. § 5596(b)(1) provides:

An employee of an agency who, on the basis of a timely appeal or an administrative determination (including a decision relating to an unfair labor practice or a grievance) is found by appropriate authority under applicable law, rule, regulation, or collective bargaining agreement, to have been affected by an unjustified or unwarranted personnel action

which has resulted in the withdrawal or reduction of all or part of the pay, allowances, or differentials of the employee—

(A) is entitled on correction of the personnel action, to receive for the period for which the personnel action was in effect—

. . . .

(ii) reasonable attorney fees related to the personnel action which, with respect to any decision relating to an unfair labor practice or a grievance processed under a procedure negotiated in accordance with chapter 71 of this title, shall be awarded in accordance with standards established under section 7701(g) of this title . . . .

5 U.S.C. § 5596(b)(1)(A)(ii) (Supp. IV 1980).

6. Cf. Parker v. Califano, 561 F.2d 320, 324–29 (D.C.Cir.1977) (provision in Title VII for fees and costs to prevailing parties in "any action or proceeding" held broad enough to include judicial and administrative litigation); but cf. Kennedy v. Whitehurst, 690 F.2d 951 (D.C.Cir. 1982) (language in Age Discrimination in Employment Act authorizing such relief "as will effectuate the purposes" of the statute construed not to permit attorney's fees for legal

Furthermore, petitioner's initial failure to prevail at the administrative appeals stage surely does not bar his recovery of fees for services rendered at that level.[7] The judgment of this court, reversing the prior adverse decision of the MSPB, is sufficient to warrant petitioner's request for fees incurred during his administrative appeals.

### B. Attorney's Fees for Services Rendered During the Administrative Appeals

■ Under 5 U.S.C. § 5596(b)(1)(A)(ii), it is undisputed that the MSPB appropriately may determine "reasonable attorney fees" for services rendered in connection with administrative appeals cognizable under the statute. Relying on the language in 5 U.S.C. § 7701(g), the Board has held that attorney's fees may be awarded under the Back Pay Act if "warranted in the interest of justice." See Wells v. Harris, 2 M.S.P.B. 572 (1980).[8] We need not decide whether this interpretation is sound because we believe that the Wells standard is satisfied here. The Army's actions in this case were wholly unfounded and petitioner was substantially innocent of the accusations made against him. See Hoska v. United States

Department of the Army, 677 F.2d 131, 133–34 (D.C.Cir.1982). Accordingly, the only question remaining for the MSPB on the remand of this case concerns the amount to be awarded petitioner as a reasonable attorney fee for time spent in connection with the administrative appeals.

While it is arguably possible for this court to determine the amount of fees due for work performed on administrative appeals,[9] we believe that this matter is best left to the MSPB. We therefore remand the case to the Board with an instruction to fix a reasonable attorney's fee for petitioner for services rendered during the administrative appeals.

### C. Attorney's Fees for Services Rendered in Proceedings Before this Court

Under 5 U.S.C. § 5596(b)(1), this court is an "appropriate authority" to determine an "unjustified or unwarranted personnel action." Cf. Ainsworth v. United States, 399 F.2d 176 (Ct.Cl.1968) (holding that, under an earlier version of the Back Pay Act, "a 'proper authority' included 'a court authorized to direct the correction of' an unwar-

services rendered at the administrative level where resort to administrative proceedings is optional under the statute).

7. See discussion in first paragraph of Part II.C. infra. Cf. Hole v. Miami Shipyards Corp., 640 F.2d 769, 773–74 (5th Cir.1981) (fee award available under Harbor Workers Compensation Act for work performed at administrative and judicial review stages even though petitioner was unsuccessful in administrative proceedings).

8. In Wells, the MSPB ruled that:
[In this case], the Board issued an Order of Corrective Action requiring cancellation of ... personnel actions and awarding back pay to the affected employees. Thus, it follows that these employees are entitled under section 5596(b)(1)(A)(ii) to an award of reasonable attorney fees related to those personnel actions if such an award is "warranted in the interest of justice," the standard incorporated by reference to section 7701(g).
Although the wording of the Back Pay Act fee provision is not entirely free from ambiguity, the legislative history suggests that the intention was to require that the fee awards which it authorizes should be made in all cases in accordance with the standards set

out in section 7701(g). See H.R.Conf.Rep. No. 1717, 95th Cong., 2d Sess. 142 (1978). Those standards, set out in section 7701(g)(1), provide that the Board "may require payment by the agency involved of reasonable attorney fees incurred by an employee or applicant for employment if the employee or applicant is the prevailing party," when the Board determines that "payment by the agency is warranted in the interest of justice, including any case in which a prohibited personnel practice was engaged in by the agency or any case in which the agency's action was clearly without merit."
Id. at 574–75 (footnote omitted).

9. See Parker v. Califano, 561 F.2d 320, 333 (D.C.Cir.1977), where it was held that, in a Title VII action, a federal district court has discretion to award attorneys' fees that include compensation for legal services performed in connection with related administrative proceedings. Cf. Hensley v. WMATA, 690 F.2d 1054 at 1057 (D.C.Cir.1982) (absent a remand with specific instructions that this court award attorney's fees for work performed in opposing a petition for certiorari, the Supreme Court would be the appropriate forum for determination of such fees).

ranted separation ... and, also, a court 'authorized * * * to correct' improper personnel actions," id. at 181). It is also undisputed that, under 5 U.S.C. § 5596(b)(1), this court may appropriately determine a reasonable attorney's fee incurred in connection with the judicial review proceedings. Since we have found that petitioner is entitled to attorney's fees under the Back Pay Act, we must now determine the appropriate amount due.

Respondent does not dispute that computation of the proper amount of attorney's fees is generally governed by the principles set forth in Copeland v. Marshall, 641 F.2d 880 (D.C.Cir.1980) (en banc), EDF v. EPA, 672 F.2d 42 (D.C.Cir.1982), and National Association of Concerned Veterans v. Secretary of Defense, 675 F.2d 1319 (D.C.Cir. 1982) (per curiam).[10] "Under Copeland, the attorneys' fee is computed by first determining the 'lodestar,' i.e., the number of hours reasonably expended multiplied by a reasonable hourly rate." EDF, 672 F.2d at 51. "The lodestar fee may then be adjusted up or down to reflect the quality of representation and the contingent nature of success." Id. Since petitioner claims no contingency or quality adjustment, the total amount sought in this case is the lodestar fee.

Petitioner claims 81.75 hours, at an hourly rate of $67.50, for attorney time spent in connection with the proceedings before this court. This claim yields a lodestar fee of $5,518.13. In support of this request, petitioner has submitted a detailed summary of the number of hours claimed, categorized chronologically by types of work performed and supported by an affidavit from counsel giving generalized descriptions of the nature of the work performed. The affidavit also indicates that petitioner's counsel is a general partner in a local law firm, is admitted to the bars of the District of Columbia and of this court, has approximately four years experience as a practitioner, and has a notable amount of appellate experience before this court and the District of Columbia Court of Appeals. In light of the standards enunciated in our decisions in Copeland, EDF and National Association of Concerned Veterans, and because respondent does not contest petitioner's fee documentation, we approve the request for fees in the amount of $5,518.13.

█ We note that the materials provided by petitioner give only general information about the prevailing market rate charged by attorneys of comparable experience engaged in similar legal practice. See National Association of Concerned Veterans, 675 F.2d at 1324–27. Absent more specific information, it is within the discretion of the court to defer judgment on the fee question to afford petitioner an opportunity to supplement his submission, see Hensley v. Washington Metropolitan Transit Authority, 690 F.2d 1054 at 1058 (D.C.Cir.1982); however, we find this unnecessary in the instant case. First, it is significant that respondent has in no way contested the reasonableness of the hourly rate sought by petitioner. See National Association of Concerned Veterans, 675 F.2d at 1325 n. 6 (distinguishing cases in which the court had no reason to inquire into the adequacy of fee documentation because the Government did not challenge the reasonableness of the rates sought). Second, on the basis of documents on file with this court, respondent could not legitimately contend that the rate requested by petitioner is outside of the prevailing rate for similar work within the community.[11] Given these considerations,

---

**10.** Both EDF and National Ass'n of Concerned Veterans adhere to and expand upon Copeland.

**11.** For example, in the Government's brief to this court in Crowley v. Haig, Nos. 81–2213, 81–2352, 82–1007 (D.C.Cir.) (argued September 17, 1982, decision pending), it was submitted that

[Counsel's] customary hourly rates of from $50 to $75 during [the] years [from 1973 through 1979] are consistent with rates charged in the community for similar work (employment law).

Appellants' brief at 20. See also "Appendix" to appellants' reply brief in Crowley v. Haig, supra, listing over seventy recent "attorneys fees" cases in which the Government was a party in the district court and court of appeals in the District of Columbia Circuit.

we can find no basis upon which to reject or otherwise question petitioner's claim for attorney's fees in this case.

### III. CONCLUSION

For the foregoing reasons, we hereby order that respondent compensate petitioner for attorney's fees in the amount of $5,518.13 and for costs. Petitioner shall be given 14 days after the issuance of this decision to submit an appropriate request for costs to the Clerk of the Court.

The case is remanded to the MSPB for a determination and an award of attorney's fees to petitioner for services rendered in connection with the administrative appeals.

*So ordered.*

Similarly, the Government's submissions in *EDF v. EPA,* 672 F.2d 42 (D.C.Cir.1982), make it clear that a rate of $67.50 is reasonable for legal work performed in this community during 1981 and 1982. *Id.* at 58 & n. 11.