**Willis R. BEARDMORE, Petitioner,**

v.

**DEPARTMENT OF AGRICULTURE, Respondent.**

No. 85–517.

United States Court of Appeals, Federal Circuit.

April 4, 1986.

Michael P. Miller, Weinburg, Ziff & Miller, Palo Alto, Cal., argued for petitioner.

Hillary A. Stern, Commercial Litigation Branch, Dept. of Justice, Washington, D.C.,

**1538**

argued for respondent. With her on brief were Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director, Robert A. Reutershan, Asst. Director, and Beacham O. Brooker, Jr.; Virginia Strasser, Office of General Counsel, Dept. of Agriculture, Washington, D.C., of counsel.

Before BALDWIN, Circuit Judge, and MILLER, Senior Circuit Judge.*

ORDER

BALDWIN, Circuit Judge.

This is an application considered under the recent amendments to the Equal Access to Justice Act ("EAJA"), Pub.L. No. 99–80, 1985 U.S.Code Cong. & Ad.News (99 Stat.) 183 (to be codified at 5 U.S.C. § 504 and 28 U.S.C. § 2412), for attorney fees and expenses for services rendered by petitioner's attorney before this court. (Petitoner's Bill of Costs as prevailing party has been mutually agreed upon and allowed.) We grant petitioner's application, but with some reduction in amounts claimed.

Petitioner had been an employee in California of the United States Department of Agriculture ("agency") for twenty-four years when he was removed, in 1984, for failure to accept a position of like grade and pay in Chicago.[1] After he unsuccessfully appealed to the Merit Systems Protection Board ("board"), this court reversed. We held that because the agency had improperly defined the local commuting area for the purposes of reassignments of personnel to vacant positions to avoid implementing a RIF, petitioner's assignment was invalid.

In accordance with 28 U.S.C. § 2412(d)(1)(B), petitioner submitted "an application for fees and other expenses" within thirty days of the date when this court's judgment in the main case became "final and not appealable"—i.e., within thirty days from the date that the Department of Agriculture's time for filing a petition for certiorari to the Supreme Court expired. *See Gavette v. Office of Personnel Management,* 785 F.2d 1568, 1570–71 (Fed. Cir.1986) (*in banc*).

▮ The pertinent authorizing provision of the EAJA, 28 U.S.C. § 2412(d)(1)(A),[2] permits in certain circumstances an award of "fees and other expenses" incurred by a party in proceedings before this court which sought judicial review of a board decision. *Gavette,* At 1573. In *Gavette,* we said that the "Federal Circuit is in a better position than the board to determine the amount of fees and expenses to be awarded in connection with [an] appeal to this court" and that the EAJA application should be referred to the original merits panel. *Id.,* At 1580. In the present case, it is appropriate for two of the three judges who comprised the original panel to determine the amount to be awarded.

A court should impose reasonable fees and expenses under subsection (d)(1) unless it determines that circumstances excuse the government's actions. 28 U.S.C. §§ 2412(d)(1)(A) ("the position of the United States was substantially justified or that special circumstances make an award unjust"), 2412(d)(1)(C) ("the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of

---

* The Honorable Shiro Kashiwa, who was a member of the panel which decided the main case (761 F.2d 677 (Fed.Cir.1985)), retired on January 7, 1986, and took no part in the decision on matters covered by this order.

1. For a complete description of the facts, see the court's opinion concerning the merits of the case.

2. The subsection provides:
Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A) (as amended in 1985).

the matter in controversy"). Respondent does not contend that petitioner "unduly protracted" the case.

 In opposition to petitioner's application for attorney fees and expenses, respondent argues that the agency "made its best judgment under the circumstances." However, in our merits opinion, we observed that the agency's action in excluding Watsonville from the San Jose community area appeared to be "arbitrary" and "beyond the pale of 'reasonableness'" and that there was a "dearth of specific, meaningful evidence supporting the exclusion of Watsonville." Accordingly, we hold that fees and expenses under the EAJA are allowable to petitioner.

 Petitioner has requested a total award of $8,602.57. However, the amounts of two items should be changed as follows: Attorney Fee requested for petitioner's attorney, Miller, is reduced from $5,295 (less $90.00 computation error) to $2,602.50, representing the maximum hourly rate of $75.00 provided by 28 U.S.C. § 2412(d)(2)(A) with exceptions not here pertinent; general client costs of $553.53 is reduced to $208.60 (4% of attorney fees), because, as the government points out, the 7% figure used as the basis for petitioner's claim represents an "office average" not necessarily attributable to this case (on the other hand, some allowance should be given in recognition of petitioner's point that complete itemization would entail increased costs).

In view of the foregoing, attorney fees and expenses are assessed against respondent in favor of petitioner in the amount of $5,565.14.[3]

In view of the foregoing, IT IS ORDERED that—

(1) Petitioner's request for attorney fees and expenses is granted.

(2) Respondent Department of Agriculture shall pay petitioner the sum of $5,565.14.

(3) Respondent shall make such payment to petitioner on or before May 16, 1986.

---

3. In view of this court's opinion in *Gavette,* a hearing *in banc* suggested by respondent on the issue of applicability of the Back Pay Act is not indicated.