**DISTRICT OF COLUMBIA, Appellant,**

v.

**Henry B. HUNT, Appellee.**

**No. 85–770.**

District of Columbia Court of Appeals.

April 27, 1987.

Edward E. Schwab, Asst. Corp. Counsel, with whom John H. Suda, Acting Corp. Counsel at the time the brief was filed, and Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., were on the brief, for appellant.

Edward J. Tolchin, with whom Jill L. Martin, Washington, D.C., was on the brief, for appellee.

Before PRYOR, Chief Judge, MACK, Associate Judge, and GALLAGHER, Senior Judge.

### ORDER

PER CURIAM.

In *District of Columbia v. Hunt,* 520 A.2d 300 (D.C.1987), we held that the Federal Backpay Act, 5 U.S.C. § 5596 (1982) was still applicable to certain District employees, and that this Act mandated that appellee Henry B. Hunt be awarded attorney's fees and legal costs incurred before agency appeal boards and the Superior Court during his successful litigation of an adverse personnel action by the District of Columbia. Mr. Hunt now seeks an award of the fees and costs incurred in litigating the appellate portion of this proceeding before this court.

■ The Federal Backpay Act's mandate of payment of attorney's fees and costs has been construed to be "sufficiently broad to include attorney's fees for services rendered in administrative or judicial appeals undertaken by an employee to obtain correction of 'an unjustified or unwarranted personnel action.'" *Hoska v. United States Department of the Army,* 224 U.S. App.D.C. 150, 153, 694 F.2d 270, 273 (1982), quoting 5 U.S.C. § 5596(b)(1); *accord Curran v. Department of the Treasury,* 714 F.2d 913, 918 (9th Cir.1983). Since Mr.

Hunt and other similarly situated pre-January 1, 1980 District employees remain covered under the Backpay Act until an equivalent District alternative is enacted to replace it, *Hunt, supra,* 520 A.2d at 304, he is entitled to recover reasonable costs and fees incurred before this court in successfully challenging the adverse District personnel action.

■ In determining reasonable attorney's fees for appellate services performed before this court in cases under the Backpay Act, we adopt the approach used by the United States Court of Appeals for the District of Columbia Circuit. In *Hoska, supra,* the court ruled that "the attorney's fee is computed by first determining the 'lodestar,' *i.e.,* the number of hours reasonably expended multiplied by a reasonable hourly rate. The lodestar fee may then be adjusted up or down to reflect the quality of representation and the contingent nature of success." 224 U.S.App.D.C. at 155, 694 F.2d at 275, quoting *EDF v. EPA,* 217 U.S.App.D.C. 189, 198, 672 F.2d 42, 51 (1982). *See also Copeland v. Marshall,* 205 U.S.App.D.C. 390, 401–04, 641 F.2d 880, 891–94 (1980) (en banc).

■ In determining reasonable hours expended, we have noted previously that "billing judgment must be exercised, and hours that are 'excessive, redundant or otherwise unnecessary' must be excluded." *Henderson v. District of Columbia,* 493 A.2d 982, 999 (D.C.1985), quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434, 103 S.Ct. 1933, 1939–40, 76 L.Ed.2d 40 (1984). "Compiling raw totals of hours spent ... does not complete the inquiry. It does not follow that the amount of time *actually* expended is the amount of time *reasonably* expended." *Copeland, supra,* 205 U.S. App.D.C. at 401, 641 F.2d at 891 (emphasis in original).

Counsel for appellee have made a combined request for 107 compensable hours. We conclude that counsel have reasonably expended approximately 87 hours on this appeal, and that the remaining time

claimed was either duplicative or excessive.[1]

In determining a reasonable hourly rate, we take into account the prevailing rate charged by attorneys in this jurisdiction and balance this against comparable statutorily mandated entitlements for litigation similar to that in the instant case. While the requested hourly rates, ranging from $90 to $120, may be within the normal range of rates for legal services in the metropolitan Washington area for attorneys with comparable experience, they are much higher than the $75 hourly rate mandated by the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(2)(A) (1982), for similar appellate services involving the counterpart federal civil service agency, the Merit Systems Protection Board (MSPB).[2] Given that Hunt's entitlement to attorney's fees depends upon the remnants of this federal civil service scheme, the EAJA rate is an approximate benchmark for a reasonable hourly rate. Therefore, without declaring that an hourly rate in the range of $80–$85 must always apply in every case of this nature, as all cases will vary in complexity and difficulty, we adopt the figure of $80 as a reasonable hourly rate here.

In this case, therefore, we conclude that appellee's reasonable attorney's fees are $6,960.[3] Counsel also submitted an itemized list of costs totalling $861.37. We grant this request. *See* D.C.App.R. 39(a) & (f) (prevailing party obtains permitted costs in appeals from agency decisions).

For the foregoing reasons, we hereby order that the District of Columbia compensate appellee Hunt for attorney's fees and costs in the sum of $7,821.37.

---

1. Illustrative of the claims we reject are: the hours claimed by at least two counsel to read and discuss the court's opinion, the total hours claimed by counsel for editing and reviewing their brief in this case, and time spent drafting an opposition to a motion for continuance.

2. Several Federal Circuit cases have limited attorney's fees in similar cases involving the MSPB to this hourly amount. *See Gavette v. Office of Personnel Management,* 785 F.2d 1568 (Fed.Cir.1986) (en banc); *Keely v. Merit Systems Protection Bd.,* 793 F.2d 1273, 1276 (Fed.Cir. 1986); *Beardmore v. Dept. of Agriculture,* 788 F.2d 1537, 1539 (Fed.Cir.1986). The EAJA allows fees "in any action for review of an adversary adjudication." 28 U.S.C. § 2412(d)(3) (1982). In *Hoska, supra,* however, the D.C. Circuit held that the EAJA had no applicability to proceedings before the MSPB or appellate courts in cases involving tenure, and found instead that the Federal Back Pay Act applied to both portions of the litigation. 224 U.S.App.

D.C. at 153, 694 F.2d at 273. The Federal Circuit in *Gavette, supra,* disagrees with this position and finds that the Back Pay Act applies only to agency appeals before the MSPB, and that the EAJA applies to subsequent appeals before the appellate courts. 785 F.2d at 1574. For our purposes, however, we merely note that the EAJA hourly standard is instructive as we calculate a reasonable hourly rate.

3. We reject counsel's alternative request for a 25 percent multiplier to the lodestar in this case. Although the result of the case is important, several other appeals dealing with the same issue were before the court at the time of our decision. To grant the multiplier to counsel in this case would merely reflect the relatively fortuitous scheduling of argument and decision of this case. Further, employing the criteria of *Hoska* and *Copeland, supra,* we note that counsel were retained on an hourly basis and were not risking payment solely contingent on a favorable result.