95 F.3d 1168
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Willie SMITH, Jr., Petitioner,
v.
TENNESSEE VALLEY AUTHORITY, Respondent.
 No. 96-3013.
 United States Court of Appeals, Federal Circuit.
 Aug. 21, 1996.
 
 Before RICH, Circuit Judge, SKELTON, Senior Circuit Judge, and MICHEL, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Petitioner Willie Smith, Jr., acting pro se, appeals from a decision of the Merit Systems Protection Board (MSPB or board) in Docket No. SL-1221-95-0305-W-1, dated July 5, 1995, in which the board ruled (1) that it did not have jurisdiction of petitioner's attempted Right of Action (IRA) appeal involving alleged discrimination, prohibited personnel practices, denials of due process, and constitutional violations by his employer, the Tennessee Valley Authority (TVA or agency), because these allegations were not independently appealable and were not connected with an otherwise appealable matter, and dismissed the appeal for lack of jurisdiction, and (2) that the petitioner waited nine years after an alleged involuntary resignation before filing an appeal with the board and did not show good cause for a waiver for such deadline. The board granted the agency's motion to dismiss the appeal for untimeliness. We affirm.
 
 DISCUSSION
 
 2
 There are two issues in this case, namely, (1) whether the board had jurisdiction over petitioner's attempted IRA appeal, and (2) whether petitioner's appeal of his alleged involuntary resignation was untimely filed without good cause shown for the delay. We will consider these issues in the order named.
 
 
 3
 The Board Lacked Jurisdiction of Petitioner's IRA Appeal
 
 
 4
 Petitioner was employed by the TVA as its Area Personnel Representative in Muscle Shoals, Alabama. He resigned from his job effective January 3, 1986, after he volunteered to do so in connection with a TVA reduction in force (RIF). TVA accepted his offer, and his resignation became effective.
 
 
 5
 On April 19, 1995, nine years after the date of his resignation, petitioner attempted to file an IRA appeal under 5 U.S.C. § 1221 (1994) and 5 C.F.R. pt. 1209 (1995) with the board based on the provisions of the Whistleblower Protection Act (WPA) (Pub.L. No. 101-12, Stat. 16, § 11), effective July 9, 1989, and the 1994 amendment to the WPA (Pub.L. No. 103-424, § 5(C), codified at 5 U.S.C. § 2302(a)(2)(C)(i) (1994). In his appeal he sought to reopen discrimination complaints he had made prior to his resignation, all of which were decided against him by TVA. He appealed these decisions to the Equal Employment Opportunity Commission, which affirmed them. He then filed suit in Federal court in the Northern District of Alabama, and that court dismissed his complaint with prejudice in 1988.
 
 
 6
 Petitioner argues that the 1994 amendment of the WPA allowed him to pursue his discrimination and other claims which arose in his TVA employment prior to his 1986 resignation. The board correctly held that the 1994 amendments were expressly made effective on or after the date of enactment on October 29, 1994 (Pub.L. No. 103-424, § 14), and do not apply retroactively to actions taken before that date. All of the actions plaintiff complained of in his IRA appeal occurred well before either the original date of WPA on July 9, 1989, or the 1994 amendments became effective. Consequently, the original and amended WPA are of no help to petitioner in his IRA appeal.
 
 
 7
 In addition to discrimination, petitioner complains in his IRA appeal of prohibited personnel practices, denials of due process, and constitutional violations. None of these complaints are independently appealable to the board under any law, rule or regulation. Furthermore, they are not linked to any other complaint that is appealable to the board.
 
 
 8
 The MSPB is a board of limited jurisdiction and only has jurisdiction over matters granted to it by law, rule, or regulation. See Noble v. Tennessee Valley Authority, 892 F.2d 1013 (Fed.Cir.1989) (in banc), cert. denied, 496 U.S. 936 (1990), where we held:
 
 
 9
 As we have often stated, the MSPB has no jurisdiction except that granted to it by "law, rule, or regulation." 5 U.S.C. § 7701(a) (1988); see, e.g., Manning v. Merit Sys. Protection Bd., 742 F.2d 1424, 1426 (Fed.Cir.1984); Thomas v. United States, 709 F.2d 48, 49 (Fed.Cir.1983); cf. Lackhouse v. Merit Sys. Protection Bd., 773 F.2d 313, 315-16 (Fed.Cir.1985). A general listing of the Board's subject matter jurisdiction is set forth in 5 C.F.R. § 1201.3(a) (1989).
 
 
 10
 Petitioner has not cited any rule, law or regulation that vested MSPB with jurisdiction over the complaints listed in his IRA appeal. We affirm the board's dismissal of the appeal for lack of jurisdiction.
 
 
 11
 Petitioner's Resignation Appeal was Untimely Filed Without
 
 Good Cause Shown For the Delay
 
 12
 Petitioner voluntarily resigned his TVA employment on January 3, 1986. He claimed that his resignation was involuntary and therefore a constructive discharge. Regulations of the MSPB required petitioner to file an appeal with the board within 20 days from the date of his resignation if he wished to do so. Instead, he did not file his appeal until April 19, 1995, which was nine years after the expiration of the 20-day time limit. The board found that his appeal was untimely filed and ordered him to show cause for a waiver for the late filing. He did not respond in any way to the show cause order and offered no evidence showing good cause for the untimely filing. The board denied a good cause waiver to petitioner and dismissed his appeal for untimeliness.
 
 
 13
 The MSPB will not waive the required time period for the filing of an appeal in the absence of good cause shown. We held in Walls v. Merit Sys. Protection Bd., 29 F.3d 1578, 1581-82 (Fed.Cir.1994) that:
 
 
 14
 "[W]hether the regulatory time limit for an appeal [of an agency action] should be waived based upon a showing of good cause is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board." Mendoza v. Merit Sys. Protection Bd., 966 F.2d 650, 653 (Fed.Cir.1992). We review decisions of the Merit Systems Protection Board under a narrow standard prescribed by statute. We must affirm the Board's decision to deny a good cause waiver of the subsection 1201.22(b) filing deadline in this case unless the decision is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (1988); see Beardmore v. Dep't. of Agric., 761 F.2d 677, 679 (Fed.Cir.1985), modified on other grounds, 788 F.2d 1537 (Fed.Cir.1986) (attorney fees and expenses awarded petitioner under Equal Access to Justice Act).
 
 
 15
 Accord Wilder v. Prokop, 846 F.2d 613, 618-19 (10th Cir.1988); Womack v. Merit Sys. Protection Bd., 798 F.2d 453, 456 (Fed.Cir.1986).
 
 
 16
 In the instant case, we hold that the decision of the board was not arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, or not in accordance with law. Accordingly, it is affirmed.