Walter FRAZIER, Appellant,

v.

**FRANKLIN INVESTMENT CO., INC.,
et al., Appellees.**

**FRANKLIN INVESTMENT CO., INC., et
al., Cross-Appellants,**

v.

Walter FRAZIER, Cross-Appellee.

Nos. 81–846, 81–912.

District of Columbia Court of Appeals.

Argued March 8, 1983.

Decided Nov. 30, 1983.

Roy L. Pearson, Neighborhood Legal Services Program, Washington, D.C., for appellant Frazier. Jack R. Marker and Russell B. Kinner, Washington, D.C., were on briefs.

Bernard D. Lipton, Silver Spring, Md., for appellees Franklin Investment Co., Inc., et al. Stanley M. Karlin, Bethesda, Md., also entered an appearance.

Before KERN and TERRY, Associate Judges, and GALLAGHER, Associate Judge, Retired.

GALLAGHER, Associate Judge, Retired:

This is an appeal from the Superior Court's award of $6,935.00 in attorneys' fees to appellant's counsel in a suit brought under the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* (1976). *See Frazier v. Center Motors, Inc. (Frazier I),* 418 A.2d 1018 (D.C. App.1980). Appellant contends that the trial court's denial of attorneys' fees in a greater amount without formal findings of fact and conclusions of law was error. We disagree, and accordingly, affirm the award.

The background of appellant's case is rather lengthy. Almost ten years ago, on December 9, 1973, appellant filed an action for a violation of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* (1976) and for failure to make the disclosures required by Regulation Z, 12 C.F.R. § 226 (1981). Dur-

ing the pendency of appellant's claim, a similar case involving the same truth in lending disclosure statement form was resolved in the United States Court of Appeals for the District of Columbia Circuit, *Price v. Franklin Investment Co., Inc.,* 187 U.S.App.D.C. 383, 574 F.2d 594 (1978). After the decision in *Price,* appellant's motion for summary judgment was granted. The trial court summarily found that the defendant, Franklin Investment, had violated Regulation Z by failing to reveal its role as creditor in a credit sales transaction and by inaccurately disclosing the amount which could be assessed as late charges. The trial court entered judgment for the plaintiff in an amount of twice the finance charge, $464.84, and for attorneys' fees of $250.00. Plaintiff appealed the award. This court reversed and entered judgment for the maximum statutory amount of $1,000.00 (15 U.S.C. § 1640(a)(2)(A)(i)), plus 6% interest calculated from August 1978. *Frazier v. Center Motors, Inc., supra,* 418 A.2d at 1018. In addition, this court vacated the award of attorneys' fees and remanded to the Superior Court with instructions to determine reasonable fees in accordance with guidelines set forth in *Evans v. Sheraton Park Hotel,* 164 U.S.App.D.C. 86, 96–97, 503 F.2d 177, 187–88 (1974).

On remand, appellant filed a detailed motion in support of his request for attorneys' fees. Counsel submitted affidavits from all the attorneys and law students who worked on the case, stating the number of hours devoted to prosecuting Frazier's claim. He also submitted a memorandum of points and authorities in support of his position and summaries detailing the experience and legal background of all participating attorneys and law students. In all, a total of 384.5 hours was claimed, and approximately $25,290.00 in fees was requested.

■ A full hearing on the matter was conducted, and by order of April 15, 1981, the trial court calculated a fee award based upon a prevailing hourly rate of $75.00 per hour. The trial court reduced the number of hours claimed by appellant to 165.5 hours, making a total award of $6,912.50.[1]

1. The trial court awarded fees to plaintiff's

counsel notwithstanding appellant's represen-

The reason for setting the fee award at that level was explained by the trial court in its order:

In the instant case the District of Columbia Court of Appeals remanded for the purpose of having the trial court ascertain the amount of reasonable attorney fees to be awarded. In applying the guidelines set forth in *Evans v. Sheraton Park Hotel,* 165 U.S.App.D.C. 86 [503 F.2d 177] (1974), [sic] the court concluded the following:

The pleadings, memoranda and assorted documents filed in the case disclose that 32.5 hours were expended through August of 1974 in the preparation of the complaint and related pleadings, the preparation of motions and hearing thereon, and the obtaining of discovery through depositions and interrogatories.

The prevailing hourly rate for an attorney performing these services is approximately $75.00 per hour. Accordingly, the court concludes that the fees for these legal services should be calculated at the sum total of $2,437.50 based on 32.5 hours at an hourly rate of $75.00.

After August of 1974, the record reveals that plaintiff's attorney, Mr. Al J. Daniel, involved himself in extensive hours of additional discovery through interrogatories and depositions. For this supplemental legal work the court concludes that compensation in the amount of $1,125.00 should be awarded based on 15 hours at the rate of $75.00 per hour.

During the brief period 1978 and 1979, Mr. Roger K. Davis prepared two appellate briefs. Only one was of any significant value as the first appeal was dismissed as being premature. For this appellate legal work the court awards $1,200.00 based on 16 hours at $75.00 per hour.

During 1979 and 1980, Mr. Russell B. Kinner was involved in preparing an appellate reply brief and arguing the appeal in the case before the appellate court. He further prepared the memorandum seeking reasonable fees for legal work involved in the prosecution of the case.

For such legal work the court concludes compensation in the amount of $1,500.00 is reasonable based on 20 hours at the rate of $75.00 per hour.

Plaintiff's counsel in addition to the legal work accomplished by the various named qualified lawyers also seeks compensation for law students who assisted as paralegals.

It is difficult to conclude that all the hours that the paralegals contributed to the case was essential to the successful prosecution of the case. Nevertheless, the court concludes that such paralegal services should be compensated in the amount of $650.00 based on 82 hours of legal work.

The court has projected reasonable legal compensation on a fixed hourly fee. Accordingly, in view of the court making an appropriate fixed fee compensation the court does not feel that an incentive award is necessary. Moreover, the court is of the view that once the case of *Price v. Franklin Investment Co., Inc.,* 187 U.S. App.D.C. 383 [574 F.2d 594] (1978), was decided the issues in the instant case were decidedly reduced with regard to legal significance, and therefore no award should be made on this basis.

Appellant appeals this order claiming that the trial court erred in failing to articulate the criteria and procedures underlying its

---

tation, without charge, by Neighborhood Legal Services Program and Antioch Law School's Urban Law Institute, both non-profit public service legal groups. This award was proper even though appellant incurred no obligation to actually pay attorneys' fees. An award should not be denied merely because an attorney was employed by a legal aid society. *Sellers v. Wollman,* 510 F.2d 119, 123 (5th Cir.1975); *Jones v. Seldon's Furniture Warehouse, Inc.,*

357 F.Supp. 886 (E.D.Va.1973). Section 1640(a)(3) of the Truth in Lending Act provides for an award of reasonable attorneys' fees, but such an award is not "contingent upon an obligation to pay an attorney or the fact that no fee was charged." *Sellers v. Wollman, supra,* 510 F.2d at 123, *citing Thompson v. Madison County Board of Education,* 496 F.2d 682 (5th Cir. 1974).

determination of attorneys' fees. Appellant seeks reversal of the decision below and urges this court to make an independent award rather than ordering a second remand to the trial court.

Under 15 U.S.C. § 1640(a)(3) of the Truth in Lending Act, a "creditor who fails in connection with any consumer credit transaction to disclose to any person ... required [consumer credit information] is liable to that person ... in the case of any successful action [for] ... a reasonable attorney's fee as determined by the court." The determination of the "reasonableness" of an award is within the sound discretion of the trial court. This is appropriate in view of the trial court's superior understanding of the litigation and the "desirability of avoiding frequent appellate review of what are essentially factual matters." *Hensley v. Eckerhart*, —— U.S. ——, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983). An award of attorney's fees will only be modified upon proof of an abuse of discretion. *Carr v. Blazer Financial Services, Inc.*, 598 F.2d 1368, 1370 (5th Cir.1979). The failure to articulate the reasons for a particular fee award renders the trial court's determination effectively unreviewable and has been held to constitute an abuse of discretion warranting reversal. *Evans v. Sheraton Park Hotel, supra,* 164 U.S.App.D.C. at 97, 503 F.2d at 188. Several jurisdictions, including our own, have adopted a list of twelve factors to be considered by the trial judge in making a fee determination. *Frazier v. Center Motors, Inc., supra,* 418 A.2d at 1025; *Evans v. Sheraton Park Hotel, supra,* 164 U.S.App.D.C. at 96–97, 503 F.2d at 187–88; *Johnson v. Georgia Highway*

*Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir.1974).[2]

In *Frazier I* this court adopted the list as a means of "assisting courts in determining 'reasonable' attorney's fees in Truth in Lending cases." 418 A.2d at 1025. Appellant claims that the trial court's order failed to address these twelve factors in any meaningful fashion. We disagree and hold that the trial court did not commit error and made an adequate determination of reasonable fees.

The order issued by the trial court in *Frazier I* was inadequate and we remanded. The trial court not only failed to elucidate any factors upon which it based its decision, but also deprived appellant of the opportunity to submit any material specifying the time devoted to the case or any evidence of a reasonable rate of hourly compensation. *Id.* at 1025. On remand, appellant was permitted to submit to the Superior Court numerous affidavits from all the attorneys and law students who worked on the case, itemized expense schedules, and a delineation of the experience of those participating. We conclude that the trial court's order issued on remand sufficiently explained the basis for the award. The Superior Court fully considered counsel's extensive submissions, broke down the hours claimed, and considered what work was necessary to perform and what was valueless.

Besides considering all of the evidence submitted, the trial court conducted a full hearing on the matter. From an examination of the order, it is apparent that the lower court did consider the criteria set

---

**2.** *Johnson v. Georgia Highway Express, Inc., supra,* was the first case to articulate these criteria. While this case dealt with a fee award under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* these standards have been held to apply to the assessment of attorney fees in general. The list of factors is:

    (1) the time and labor required;

    (2) the novelty and difficulty of the questions;

    (3) the skill requisite to perform the legal service properly;

    (4) the preclusion of other employment by the attorney due to acceptance of the case;

    (5) the customary fee;

    (6) whether the fee is fixed or contingent;

    (7) time limitations imposed by the client or the circumstances;

    (8) the amount involved and the results obtained;

    (9) the experience, reputation, and ability of the attorneys;

    (10) the "undesirability" of the case;

    (11) the nature and length of the professional relationship with the client; and

    (12) awards in similar cases.

forth in *Evans,* specifically: the novelty and difficulty of the suit, the experience and ability of the participating attorneys and law students involved, the customary fee and the time and labor involved. The trial court then applied these factors to the case before it. In issuing a fee award, it is not necessary, however helpful, for a trial judge to adopt the language and analysis of the *Evans* court. We conclude that the order in this case represents a genuine effort by the trial court to articulate the reasons underlying its award after the hearing.

Appellant argues that the trial court's order was too brief to meaningfully address all twelve factors. We see no reason to conclude the trial court did not consider these time honored elements in fixing the fees. While an appellate court reviewing an award of attorney fees may substitute its own judgment for that of the trial court and make its own fee determination, *see McGowan v. King, Inc.,* 661 F.2d 48 (5th Cir.1981), we find no need to do so in this case. We have reviewed the trial court's order and we conclude it is sufficient to demonstrate adequate consideration by the court. We cannot say that the trial court abused its discretion in making the award,[3] and we, therefore, see no reason for still another remand.

Accordingly, the judgment on appeal is hereby

*Affirmed.*

---

[3.] Appellees have cross-appealed arguing that the appellant's acceptance of payment of the judgment renders his appeal moot. This argument is without merit. "It is a generally accepted rule of law that where a judgment is appealed on the ground that the damages awarded are inadequate, acceptance of payment of the amount of the unsatisfactory judgment does not, standing alone, amount to an accord and satisfaction of the entire claim." *McGowan v. King, Inc.,* 616 F.2d 745, 747 (5th Cir.1980), quoting *United States v. Hougham,* 364 U.S. 310, 312, 81 S.Ct. 13, 15–16, 5 L.Ed.2d 8 (1960). Consequently, we conclude that appellant's acceptance of payment of the judgment does not render his appeal moot.