828 F.2d 42
 264 U.S.App.D.C. 192, 18 Envtl. L. Rep. 20,016
 NATIONAL COALITION AGAINST the MISUSE OF PESTICIDES, et al.,
Petitioners,
v.
Lee M. THOMAS, Administrator, Environmental Protection
Agency, et al., Respondents.
NATIONAL COALITION AGAINST the MISUSE OF PESTICIDES, et al.,
Petitioners,
v.
ENVIRONMENTAL PROTECTION AGENCY, et al., Respondents.
 Nos. 86-1114, 86-1535.
 United States Court of Appeals,
District of Columbia Circuit.
 Decided Sept. 15, 1987.
 
 On Petitioners' Application for Attorneys' Fees and Costs
 Alexander J. Pires, Jr., with whom John M. Himmelberg and Jeffrey A. Knishkowy were on the application for petitioners.
 Letitia Grishaw, Atty., Dept. of Justice, and Cara S. Jablon, Atty., Office of General Counsel, E.P.A., were on the opposition for respondents.
 Before STARR and WILLIAMS, Circuit Judges, and JOYCE GREEN,* District Judge.
 PER CURIAM:
 
 
 1
 Petitioners apply to this court for attorneys' fees and costs in the amount of $65,182.55 pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. Sec. 2412(d)(1)(A) (1982 & Supp. III 1985). These fees and costs were incurred in bringing petitions for review of decisions by the Environmental Protection Agency fixing tolerances for the amount of the pesticide ethylene dibromide (EDB) found in imported mangoes. We conclude that petitioners are not entitled to attorneys' fees and costs under the EAJA.
 
 
 2
 The background of the petitions for review has been described in detail in two prior opinions of the court. See National Coalition Against the Misuse of Pesticides v. Thomas, 809 F.2d 875 (D.C.Cir.1987) (NCAMP I ), opinion after remand, 815 F.2d 1579 (D.C.Cir.1987) (NCAMP II ). Briefly stated, in our initial opinion we held that EPA acted arbitrarily and capriciously in reestablishing an interim tolerance of 30 ppb of EDB in imported mangoes under the Food, Drug and Cosmetic Act (FDCA), 21 U.S.C. Sec. 346a(b) (1982) thereby reversing an earlier determination that after a certain date it should be banned altogether. Specifically, we found that in reaching this decision, EPA had improperly " 'rel[ied] exclusively on concerns for foreign well-being ... without considering the factors specified as [relevant] in the FDCA and factors of foreign impact related to those factors enjoying express Congressional approbation' " and, in addition, had " 'revers[ed] its position on the health risks of EDB' " without explaining this change of position. NCAMP II, 815 F.2d at 1580-81 (quoting NCAMP I, 809 F.2d at 883, 884). Rather than setting aside EPA's orders immediately, we withheld issuance of mandate for thirty days and directed EPA in the meantime to address the concerns raised in our opinion and decide whether an interim tolerance was justified.
 
 
 3
 In a subsequent opinion, we upheld EPA's decision on remand that an interim tolerance to last through September 30, 1987 was warranted under the FDCA. EPA made this determination based on its conclusion that the health risk posed by EDB " 'is acceptable because such risk is outweighed by the greater risks to the wholesomeness or adequacy of the nation's food supply that would be posed by revoking the EDB tolerance between now and September 30, 1987.' " Id. at 1581 (quoting Affidavit of A. James Barnes at 3, p 7). This judgment was based on evidence that a ban would undermine cooperative efforts among the U.S. and importing countries to enforce the food safety laws, thereby increasing the risk that fruit and vegetables would enter the U.S. treated with unsafe levels of pesticides or infested with pests or diseases. Id. We held that this determination was adequately supported by evidence in the record and in accordance with the statute.
 
 
 4
 In actions brought against the United States by private parties, EAJA authorizes awards of fees and costs in certain circumstances. It provides in relevant part as follows:
 
 
 5
 Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.
 
 
 6
 28 U.S.C. Sec. 2412(d)(1)(A). To qualify as "prevailing part[ies]," petitioners must show that the "final result represents in a real sense a disposition that furthers their interest." Grano v. Barry, 783 F.2d 1104, 1108 (D.C.Cir.1986) (citations omitted). Under this standard, the court must "focus on the precise factual/legal condition that the fee claimant has sought to change, and then determine if the outcome confers an actual benefit or release from burden." Id. at 1108-09 (citation omitted).
 
 
 7
 Petitioners have not satisfied this threshold requirement. An examination of their filings and argument before the court demonstrates that their real interest in this litigation has been to obtain an outright ban on the use of EDB on mangoes through revocation of the interim tolerance. Petitioners clearly have not attained this objective; the interim tolerance remains in effect as a result of EPA's having reached a reasoned determination that such a tolerance was necessary to maintain an "adequate, wholesome, and economical food supply," 21 U.S.C. Sec. 346a(b)(1). Since petitioners failed to achieve what they set out to accomplish, it would severely strain the language of the statute to describe them as "prevailing." Cf. Hewitt v. Helms, --- U.S. ----, 107 S.Ct. 2672, 2675, 96 L.Ed.2d 654 (1987) (interpreting "prevailing party" for purposes of 42 U.S.C. Sec. 1988).
 
 
 8
 Petitioners nonetheless argue that they are entitled to fees because they secured a judicial declaration in our initial opinion that EPA had incorrectly interpreted its statutory mandate under section 408(b) of the FDCA. But our initial opinion conferred no victory on them sufficient to justify an award of fees. It is well settled that procedural victories of this sort, including those in which fees claimants obtain a favorable declaration of the law, do not suffice to qualify claimants as "prevailing parties." See Hanrahan v. Hampton, 446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980) (merely obtaining reversal of district court judgment and new trial insufficient to confer "prevailing party" status); Brown v. Secretary of Health & Human Services, 747 F.2d 878 (3d Cir.1984) (Social Security claimant who obtains remand to agency on grounds that decision without substantial evidence insufficient to satisfy "prevailing party" requirement). In fact, only last Term, the Court invoked this principle in holding that a party who obtained a favorable declaration of rights but lost his claim for damages because of defendants' immunity was not a "prevailing party" for purposes of an award of attorneys' fees:
 
 
 9
 As a consequence of the present lawsuit, [the claimant] obtained nothing from the defendants. The only "relief" he received was the moral satisfaction of knowing that a federal court concluded that his rights had been violated. The same moral satisfaction presumably results from any favorable statement of law in an otherwise unfavorable opinion.
 
 
 10
 Hewitt, 107 S.Ct. at 2676. We believe that the Court's reasoning is fully applicable in this case. Our initial opinion amounted at best to a procedural victory for petitioners.
 
 
 11
 Even if petitioners satisfied the threshold requirement of being "prevailing parties," they would run up against the "substantial justification" defense prescribed in the EAJA. See FEC v. Rose, 806 F.2d 1081 (D.C.Cir.1986); see also Battles Farm Co. v. Pierce, 806 F.2d 1098 (D.C.Cir.1986). The agency actions on which the petitions for review were based and the agency's defense of those actions in the underlying litigation were based on an interpretation of the statute that readily qualifies as "slightly more than reasonable." See Rose, 806 F.2d at 1085. We noted in our prior opinion that, after examining the language of the statute and the scanty case law interpreting it, the relevance of foreign well-being to determinations under section 408(b) of the FDCA was far from clear during the relevant time period. See NCAMP I, 809 F.2d at 881-82; see also Battles Farm, 806 F.2d at 1101-02 (whether agency's position "substantially justified" depends in part on clarity of governing law).
 
 
 12
 While EPA's unexplained reversal of its position on the health risks of EDB may appear at first glance to have been less defensible than its underlying actions, this fact alone does not render the actions themselves less than reasonable. "[A] judgment as to the adequacy of an agency's explanation is not only one on which reasonable minds can and frequently do differ, but it is also logically unrelated to whether the underlying agency action is justified" for purposes of establishing a defense under the EAJA. Rose, 806 F.2d at 1088.
 
 
 13
 Likewise, we cannot under the circumstances of this case fault EPA's defense of its explanation in the underlying litigation as less than reasonable, for the issue of the adequacy of its explanation was inextricably linked to the issue of statutory interpretation. Thus, as a matter of litigation strategy EPA had no choice but to defend this explanation as best it could. It could hardly concede that its reversal was not supported by adequate documentation without jeopardizing its entire defense. See Battles Farm, 806 F.2d at 1102-03.
 
 
 14
 In sum, petitioners have not satisfied the requirements set forth in the EAJA for entitlement to attorneys' fees and costs. We therefore deny the petition.
 
 
 15
 So ordered.
 
 
 
 *
 Of the United States District Court for the District of Columbia, sitting by designation pursuant to 28 U.S.C. Sec. 292(a)