David ALEXANDER, Petitioner,

v.

DISTRICT OF COLUMBIA RENTAL
HOUSING COMMISSION,
Respondent.

Lenkin Company Management,
Inc., Intervenor.

No. 86–770.

District of Columbia Court of Appeals.

Argued Oct. 8, 1987.
Decided June 3, 1988.

David Alexander, pro se.

Susan S. McDonald, Asst. Corp. Counsel, with whom Frederick D. Cook, Jr., Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., were on the brief, for respondent.

Jack C. Sando, Bethesda, Md., filed a brief on behalf of intervenor.

Before PRYOR, Chief Judge, and NEWMAN and STEADMAN, Associate Judges.

PER CURIAM:

In this case, we are called upon to deal with the issue of the award of attorney fees [1] in rental housing act litigation to a *pro se* tenant who is a member of the District of Columbia Bar.

I.

Petitioner Alexander, an attorney, recovered treble damages from his landlord in a Rent Administrator's decision, dated April 8, 1985, under the Rental Housing Act of 1980, D.C.Code §§ 45–1501 to –1597 (1981).[2] The decision was based on the landlord's plain violation of the statutory ban against implementing two rent increases within a six-month period. D.C.Code § 45–1519(g) (1981). The Rent Administrator did not award any attorney fees to Alexander, although authorized to do so by D.C.Code § 45–1592, which reads:

The Rent Administrator, Rental Housing Commission, or a court of competent jurisdiction may award reasonable attorney fees to the prevailing party in any action under this chapter except actions for eviction authorized under § 45–1561.

---

1. We use in the opinion the statutory term "attorney fees," D.C.Code § 45–1592 (1981), recognizing the wide disparity in usage in both number and possessive case. *See Synanon Foundation v. Bernstein,* 517 A.2d 28, 30 n. 2 (D.C.1986) (setting forth five different versions of the phrase).

2. This Act has subsequently been replaced by the Rental Housing Act of 1985, D.C.Code § 45–2501 to –2594 (1986 repl.). The provision authorizing attorney fees awards was carried over virtually unchanged as § 45–2592.

The Rental Housing Commission affirmed the denial of attorney fees.[3] Although the Commission recognized that no *per se* rule barred attorney fees to all attorney *pro se* tenants,[4] it took the view that claims to such fees "must be examined carefully in each case." Thus, the Commission held that in order to be entitled to consideration of an attorney fees award, the *pro se* attorney would "at the very least" have to show 1) that the attorney was "compelled to use a substantial amount of professional time, time ordinarily available for earning income as a lawyer," and 2) that the attorney "advanced a novel or important issue of law that will benefit others, rather than primarily himself or herself." The Commission found that Alexander had failed to meet this two-pronged test.

## II.

Recently, in *Unger v. District of Columbia Rental Housing Commission*, 535 A.2d 887 (D.C.1987), we had occasion to apply the statutory provision quoted above which authorizes the award of attorney fees in rental housing act disputes. The unsuccessful petitioner argued that we should not exercise our discretion to award attorney fees for services in taking the appeal "absent a showing of frivolousness or some other manifestation of bad faith." 535 A.2d at 891. Finding no relevant legislative history, we inferred from the statutory scheme that "the purposes of the attorney's fee provision are to encourage tenants to enforce their own rights, in effect acting as private attorneys general, and to encourage attorneys to accept cases" brought under the rental housing act. Accordingly, we concluded that the attorney fees award section "creates a presumptive award of attorney's fees to the prevailing party—which may be withheld, in the court's discretion, if the equities indicate otherwise." 535 A.2d at 892. Although we did not expressly so state, there seems no reason why the same presumption should not apply to attorney fees awards at the administrative level, since the identical statutory language operates at all levels.

As the Commission concedes in its brief filed with us, had Alexander retained counsel to represent him, "there would be little dispute that an award of attorney fees would be appropriate (absent special circumstances)." Thus, the immediate issue is how the statutory provision is to be applied where an attorney represents himself or herself *pro se* as a tenant in a dispute under the act.

We agree with the Commission that no reason exists for a flat prohibition against the award of attorney fees to attorney *pro se* tenants. We think the case of *Duncan v. Poythress*, 777 F.2d 1508 (11th Cir.1985) (en banc), *cert. denied*, 475 U.S. 1129, 106 S.Ct. 1659, 90 L.Ed.2d 201 (1986),[5] cited by the Commission, is compelling in its reasoning. The *Duncan* court framed the issue as whether attorneys who proceed *pro se* should be treated like other attorneys (prevailing plaintiff's attorney(s) presumptively entitled to fees) or like lay *pro se* litigants (not entitled to fees)[6] for purposes of the attorney fees award provision. *Duncan* first observed that the rationale of cases such as that originally relied upon by the

---

3. Alexander appealed not only the denial of attorneys fees but also two other rulings by the Rent Administrator. He lost on all three points. His appeal to us relates only to the denial of attorney fees.

4. In an initial decision, the Commission ruled that attorney fees would never be awarded to an attorney *pro se* tenant, viewing the provision as intended solely to aid litigants who had little or no money to retain counsel. In a subsequent decision, which is before us for review, it eschewed any such flat ban.

5. *Accord, Ellis v. Cassidy*, 625 F.2d 227 (9th Cir.1980).

6. We take no position on this latter issue. See *Washburn v. Washburn*, 475 A.2d 410, 412–13 (D.C.1984) (discussing, but leaving open, issue). *Cf. Cox v. United States Department of Justice*, 601 F.2d 1, 5–6 (D.C.Cir.1979); *Holley v. Acree*, 72 F.R.D. 115, 116 (D.D.C.1976), *aff'd without opinion sub nom. Holley v. Chasen*, 186 U.S.App. D.C. 329, 569 F.2d 160 (1977) (lay *pro se* party awarded attorney fees under Freedom of Information Act). Most cases under the FOIA are contra. *See Kuzma v. United States Postal Services*, 725 F.2d 16, 17 (2d Cir.), *cert. denied*, 469 U.S. 831, 105 S.Ct. 119, 89 L.Ed.2d 62 (1984) (and cases cited).

Commission [7]—that the only purpose of the attorney fees award provision was to aid parties who had little or no money to retain counsel—was misplaced. By that reasoning, any party who could afford counsel would be denied relief, a result inconsistent with a broader purpose "to encourage tenants to enforce their own rights." *Unger,* 535 A.2d at 892. Quite the contrary, a significant concern of attorney fees award provisions is to increase the level of competence with which such complaints are prosecuted. To achieve this end, it makes no difference whether an attorney represents himself or herself; "the fact that the lawyer she chose was herself is inconsequential." 777 F.2d at 1513. Furthermore, another common objection made to awarding attorney fees to nonlawyers, the difficulty of assessing the value of services proffered, *see, e.g., Crooker v. United States Department of Justice,* 632 F.2d 916, 921 (1st Cir.1980), does not present itself where an established attorney-litigant is seeking compensation.

The *Duncan* court also addressed the concern that "a cottage industry will develop among inactive attorneys who will bring [civil rights] cases to support themselves." 777 F.2d at 1515. It noted that only a prevailing attorney would receive remuneration and those bringing frivolous suits would face sanctions. Furthermore, in a point relevant to the case before us, the court made special mention that one of the factors to be considered in the award of fees awarded is the "preclusion of other employment by the attorney," 777 F.2d at 1512, as well as an attorney's experience and reputation. 777 F.2d at 1515.

Thus the *Duncan* court concluded that attorneys who proceed *pro se* should in general be treated like other attorneys in awarding fees under the act.

In *Frazier v. Franklin Investment Co.,* 468 A.2d 1338, 1341 n. 2 (D.C.1983), we listed twelve factors for consideration in determining an appropriate attorney fees award under a statutory grant of power to do so.[8] Although the *Frazier* case dealt with an award of attorney fees by a trial court, in *Unger* we applied such a test in reviewing the award of attorney fees by a hearing examiner in a rent control act dispute, as well as in making our own award for appellate fees. We recognized that the *Frazier* test should be coupled with the "rearticulation and refinement" of the test contained in *District of Columbia v. Hunt,* 525 A.2d 1015, 1016 (D.C.1987).

In sum, the *Unger* case set forth two propositions relevant to the award of attorney fees in rental housing act disputes, first, in recognizing a presumption in favor of their award to successful tenants, and second, in establishing the *Frazier* test, as refined by *Hunt,* as the standard to be used in determining such fee awards. Furthermore, we view the reasoning of the *Duncan* case to establish that the same general considerations apply where attorney *pro se* tenants are involved. Since the Commission lacked these interpretations in making its determination with respect to fees to be awarded Alexander, we must set aside the order appealed and remand for further consideration.

Responding to a suggestion at oral argument, Alexander has moved that we award him attorney fees both for pursuing the appeal before us and for his litigation before the hearing examiner and the Commission. With respect to the latter (administrative litigation fees), we think that the determination of such fees is, in the first instance, to be made by the Commission acting within its sound discretion in light of this opinion. *See, e.g., Frazier, supra*

7. *See* note 4, *supra.* The case was *Lawrence v. Staats,* 586 F.Supp. 1375 (D.D.C.1984).

8. The twelve *Frazier* factors are: (1) time and labor required, (2) the novelty and difficulty of the question, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to the acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, (12) awards in similar cases.

(where we remanded to the trial court for a redetermination of the amount of attorney fees to be awarded); *Hoska v. United States Department of the Army,* 224 U.S. App.D.C. 150, 154, 694 F.2d 270, 274 (1982) ("While it is arguably possible for this court to determine the amount of fees due for work performed on administrative appeals, we believe that this matter is best left to [the administrative agency].") (footnote omitted). With respect to the former (the appeal to our court), we observe that the act allows for award of such fees only to a "prevailing party," a much-litigated interpretative issue, *see generally* H. Newberg, Attorney Fee Awards, §§ 3.02–3.06 (1986) ("Prevailing Party Status"), and that included among the *Frazier* factors is "the amount involved and the results obtained." Here, the issue of attorney fees remains finally unresolved. Further action by the Commission is required, with a possible subsequent appeal. The Supreme Court has ruled under a similar statute that merely obtaining a reversal of a distinct court judgment and a consequent new trial is insufficient in itself to confer "prevailing party" status. *Hanrahan v. Hampton,* 446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1980). *Accord, Brown v. Secretary of Health and Human Services,* 747 F.2d 878 (3d Cir.1984) (Social Security claimant who obtains remand to agency for a new hearing on ground that decision is without substantial evidence insufficient to satisfy "prevailing party" requirement). We think the issue of Alexander's status as a prevailing party, although perhaps likely, is as yet not sufficiently determined to warrant an award of attorney fees for his appellate activities at this point. *See National Coalition Against the Misuse of Pesticides v. Thomas,* 264 U.S.App.D.C. 192, 194, 828 F.2d 42, 44 (1987) (obtaining favorable declaration of law and remand to administrative agency does not confer "prevailing party" status). *Cf. Hewitt v. Helms,* — U.S. —, 107 S.Ct. 2672, 96 L.Ed.2d 654 (1987) (party not "prevailing" where no relief awarded, even though lawsuit arguably catalyst to regulatory amendment).

Accordingly, the order appealed from is set aside and the case remanded for further proceedings consistent with this opinion.

*So ordered.*