**HAMPTON COURTS TENANTS' ASSOCIATION, Petitioner,**

v.

**DISTRICT OF COLUMBIA RENTAL HOUSING COMMISSION, Respondent,**

William C. Smith & Co., Inc., Intervenor.

No. 88–998.

District of Columbia Court of Appeals.

Argued Sept. 27, 1989.

Decided April 18, 1990.

James E. McCollum, Jr., College Park, Md., for petitioner.

Frederick D. Cooke, Jr., Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., filed a statement in lieu of brief for respondent.

Joanne Sgro, Washington, D.C., for intervenor.

Before NEWMAN, TERRY and FARRELL, Associate Judges.

NEWMAN, Associate Judge:

Once again, as twice before, we are presented with an issue concerning attorney fees under the attorney fees provisions of the various versions of the District of Columbia Rental Housing Acts (presently, D.C.Code § 45–2592 (1986 Repl.)). We first considered this issue in *Ungar v. District of Columbia Rental Housing Commission*, 535 A.2d 887 (D.C.1987). We next considered it in *Alexander v. District of Columbia Rental Housing Commission*, 542 A.2d 359 (D.C.1988). In *Ungar*, we held "that § 45–2592 creates a presumptive award of attorney's fees to the prevailing party—which may be withheld ... if the equities indicate otherwise." 535 A.2d at 892.

In the case now before us, we review the Rental Housing Commission's ruling that while the *Ungar* presumption applies to prevailing tenants in tenant-initiated proceedings, it has no applicability where tenants prevail in landlord-initiated proceedings. After stating that there may be special circumstances justifying the award of attorney's fees to prevailing tenants in landlord-initiated proceedings and opining

that such cases would be the exception rather than the rule, the Commission suggested, as the minimum standard the prevailing tenant would have to meet to recover attorney's fees, that the tenant establish that the landlord "had maintained an unreasonable position." Applying that standard, the Commission denied these prevailing tenants' petition for attorney's fees. We hold that the Commission's construction of the statute is erroneous. We reverse.

## I.

William C. Smith & Co. (the "landlord") filed a Capital Improvement Petition with the District of Columbia Department of Consumer and Regulatory Affairs, Rental Accommodations and Conversions Division ("RACD"). In the Petition, the landlord requested an increase in the rent ceilings for the 117 rental units at the subject housing accommodation.

The RACD auditor issued an Audit Report and Proposed Order, granting a provisional $9.00 per unit, per month, increase. The Proposed Order notified the tenants of their right to file written objections or exceptions to the findings or conclusions of the Audit Report and of their right to a hearing on such objections.

Seventy-three tenants filed timely objections to the Proposed Order, and a hearing was held before the Rent Administrator. Six tenants appeared. The landlord, however, was not present. Tenants, who were acting through the Hampton Courts Tenants' Association and were represented by counsel, called the default to the attention of the hearing examiner and requested that he dismiss the case because of the landlord's absence. The Rent Administrator declined to do so and proceeded with the hearing. A decision and order was entered, which granted the Capital Improvement Petition for the full $9.00 increase.

The tenants appealed this decision to the Rental Housing Commission (the "Commission"). Tenants filed a Motion for Summary Reversal on the grounds that the housing examiner below erred by not granting tenants' motion to dismiss the proceeding for non-appearance of the landlord.

The Commission granted the tenants' Motion for Summary Reversal. In so doing, the Commission ruled that when the Rent Administrator conducts a hearing on objections to the auditor's proposed order, that hearing is a contested case within the meaning of the District of Columbia Administrative Procedure Act, D.C.Code §§ 1–1501 to 1542 (1987 Repl.), with the proponent of the proposed order, in this case the landlord, having the burden of production and persuasion to establish entitlement to the increased rent ceiling. Since the landlord had failed to appear and present evidence, the Commission held the Rent Administrator had committed error in denying the tenants' motion to dismiss the petition. In addition to granting the tenants' Motion for Summary Reversal, the Commission awarded the tenants attorney's fees. The landlord thereafter petitioned for reconsideration of the award of attorney's fees.

In its Decision and Order on Reconsideration ("Decision"), the Commission granted the landlord's motion and vacated its previous order insofar as it awarded attorney's fees to the tenants. The Commission explained that generally "no presumption of entitlement [regarding attorney's fees] exists in favor of either party in housing provider-initiated cases", though "there may be times when special circumstances justify the award of attorney fees to tenants or housing provider. Such cases will be the exception rather than the rule and the standards will be applied restrictively." *Id.* at 9. The Decision then went on to explain that "tenants might be awarded attorney fees where they establish, at the minimum, that the housing provider had maintained an unreasonable position." *Id.* This petition for review by the tenants followed.

## II.

The Commission's Decision began by recognizing the binding nature of this court's prior holdings in *Ungar* and in *Alexander* (*Alexander* was decided approximately one month prior to the Commis-

sion's Decision); the Commission then attempted to distinguish those cases from the case at hand. It did so by first noting, as we do, the similarity between D.C.Code § 45–2592 and the provisions of the Civil Rights Act of 1964 with respect to attorney's fees. Indeed, as the Commission noted, in *Ungar* we adopted the "private attorney general" analysis stated by the Supreme Court in explication of the 1964 Act in *Newman v. Piggie Park Enterprises, Inc.,* 390 U.S. 400, 88 S.Ct. 964, 19 L.Ed.2d 1263 (1968), although we did not cite *Piggie Park.* The Commission next turned to another Supreme Court decision constructing the attorney's fees provisions of the Civil Rights Act of 1964, *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). In *Christiansburg,* the Court was called upon to determine under what circumstances a defendant who successfully defends against a Title VII discrimination action is entitled to attorney's fees. The Court held that for a successful defendant to invoke the discretion of the trial court with respect to attorney's fees, the defendant must not only be the prevailing party, but must also show that the Title VII claim "was frivolous, unreasonable or groundless, ... or [that the claim was] brought or continued ... in bad faith." *Id.* at 422, 98 S.Ct. at 700.

In *Christiansburg,* the Court gave two reasons for drawing a distinction between prevailing plaintiffs and prevailing defendants. First, the Court noted that in Title VII litigation, Congress had chosen plaintiffs as the instrument for the vindication of the public policy expressed by Title VII. Second, when attorney's fees are awarded to the party who prevailed against a Title VII defendant, the fee award is "against a violator of federal law". *Id.* at 418, 98 S.Ct. at 699. The Court noted that these policy considerations are not present in the case of a prevailing Title VII defendant; such a defendant seeking counsel fees "must clearly rely on quite different equitable considerations." *Id.* at 419, 98 S.Ct. at 699.

The Commission next noted that it had adopted the *Christiansburg* rationale and standards with respect to a landlord's claim for attorney's fees in a tenant-initiated petition case, citing *Hagner Management Corp. v. Rutherford,* TP 12,117 (RHC Sept. 8, 1986). This issue is not before us in this case; therefore, we express no opinion on it.

The Commission then proceeded to discuss the issue of awarding attorney's fees to the prevailing party, *either* landlord or tenant, in landlord-initiated petitions such as hardship petitions, capital improvement petitions, substantial rehabilitation petitions or reduction of service petitions. Again we need not, and thus do not, express any opinion about the Commission's explication of the standards to be applied to a prevailing landlord's application for attorney's fees. Rather, we look to the Commission's analysis only to the extent that it was relied upon by the Commission to support its holding with respect to prevailing tenants' application for attorney's fees. The Commission said landlords do not act as a "private attorney general" and do not vindicate any public policy right in a landlord-initiated petition. While noting,

> it is at least arguable that ... [the tenants' efforts in successfully resisting a landlord's petition] ... have conferred a benefit upon a larger group, i.e. all tenants at the housing accommodation in question ... [and they] might also have contributed in a general sense to fulfilling one of the statutory purposes of the Act [protection of the income of low and moderate income tenants from erosion from increased housing cost].

Decision at 8, the Commission went on to hold that in the context of landlord-initiated petitions, the prevailing tenants are "not performing a private attorney general function to an extent that warrants the presumption as in *Ungar* ... As in the case of a housing provider, in this context, tenants' efforts are more nearly private in nature and redound to their own personal benefit." *Id.* at 8–9.

We find no principled basis, either explicated in the Commission's Decision or advanced by the landlord before this court, for applying disparate standards to a prevailing tenant's claim for attorney's fees

based on whether the tenant or the landlord initiated the proceedings. As we noted in *Ungar*, "the purposes of the attorney's fees provision are to encourage tenants to enforce their own rights, in effect acting as private attorneys general, and to encourage attorneys to accept cases brought under the Rental Housing Act of 1980." 535 A.2d at 892.[1] That purpose is equally effectuated where the tenant successfully resists the landlord-initiated petition as where the tenant prevails on a tenant-initiated petition. The vindication of public as well as private interests by the prevailing tenant does not turn on who initiates the proceeding.

■ In addition to vindicating the statutory policy generally advanced by prevailing tenants, we note in this case that the tenants here specifically have served to advance this policy by causing the Commission to clearly rule, for the first time (correctly in our view), that this type of petition is a contested case within the meaning of the District of Columbia Administrative Procedure Act, D.C.Code §§ 1–1501 to 1542, and that the landlord has the burden of proof, which it could only meet by affirmatively presenting evidence. We further note that in this case, part of the relief that the prevailing tenants obtained was a refund of the increased rent charged by the landlord as a result of the approval of the capital improvement petition by the Rent Administrator. This is the same type of relief often awarded to prevailing tenants in tenant-initiated proceedings. *See, e.g., Ungar, supra,* 535 A.2d 887.

■ In sum, giving the Commission's construction of § 45–2592 such deference as it is due, *see generally Wolf v. D.C. Rental Accommodations Comm'n,* 414 A.2d 878 (D.C.1980), *but see Ungar, supra,* 535 A.2d at 892 (§ 45–2592 gives this court authority to award attorney's fees to a prevailing party on appeal), we conclude that the Commission's construction of the statute, rejecting the *Ungar* presumption and substituting therefor its own negative presumption, is plainly wrong. We hold

that the *Ungar* presumption applies to prevailing tenants in *both* tenant-initiated and landlord-initiated proceedings.

*Reversed and remanded for further proceedings consistent with this opinion.*

---

1. We again note that here, as in *Ungar* and *Alexander,* we do not deal with a prevailing landlord's request for attorney's fees; therefore, we express no view on that question.